Opinion issued July 22,
2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-00862-CR

———————————

KASSI SATRECE DONAHOE, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 278th
District Court

Grimes County, Texas



Trial Court Case No. 15575



 

 

MEMORANDUM
OPINION

          Pursuant to a plea agreement, appellant,
Kassi Satrece Donahoe, pleaded guilty to the state jail felony offense of
endangering a child.  See Tex.
Pen. Code Ann. § 22.041(b), (c), (d) (1) (Vernon Supp. 2009).  The
trial court deferred adjudication of appellant’s guilt and placed her on
community supervision for three years.  Based
on the State’s later-filed motion to adjudicate, the trial court revoked
appellant’s community supervision, found appellant guilty, and sentenced her to
one year in state jail.  In one issue,
appellant contends that the trial court abused its discretion by denying her
motion for continuance.

          We affirm.

Background

          Appellant was charged by indictment
with the offenses of manslaughter, endangering a child, and negligent homicide
for the 2003 drowning death of her less than two-year-old daughter.  The indictment alleged that appellant had
left her daughter unattended in a bathtub resulting in the child’s death.  Appellant entered into a plea agreement with
the State whereby she pleaded guilty to the state jail felony offense of
endangering a child.  Pursuant to the
State’s recommended punishment, on October 14, 2005, appellant was placed on
deferred adjudication community supervision for three years.  

          On March 7, 2006, the State filed a “Motion
to Adjudicate Guilt and Revoke 

community supervision.”  The State asserted that appellant violated
the terms and conditions of her community supervision (1) by committing the
offense of theft on December 15, 2005, (2) by failing to pay court-ordered
fees, and (3) by failing to provide proof that she had undergone a
psychological evaluation.  

The trial
court conducted a hearing on the motion. 
The court did not adjudicate appellant’s guilt, but did permit appellant
to transfer oversight of her community supervision to Tarrant County, where she
was residing.  

          On February 1, 2007, the State filed a
second motion to adjudicate appellant’s guilt and revoke her community
supervision.  The State amended the
motion on September 5, 2007.  The State
contended that appellant violated the conditions of her community supervision (1)
by failing to report to her supervision officer for 11 months from October 2006
through August 2007; (2) by failing to provide proof that she had submitted to
a psychological evaluation; and (3) by failing to pay required costs and fees.  The State also cited the 2005 theft offense
as a ground for adjudication.  The trial
court set the motion to be heard on September 17, 2007.  

          On September 5, 2007, Stephen Gustitis
filed a notice with the trial court stating that he was the attorney representing
appellant.  On September 13, 2007, Gustitis
filed a motion for continuance on appellant’s behalf.  Gustitis requested that the trial court
continue the hearing on the motion to adjudicate.  He explained that he had “only learned of the
September 17, 2007 setting this week (September 11, 2007).”  The trial court denied the motion for
continuance by written order the same day that it was filed.  

          The trial court conducted the hearing
on the motion to adjudicate on September 17, 2007.  The State offered the testimony of probation
officer Shakaria Maxey, who supervised appellant’s community supervision.  Maxey’s testimony addressed the violations of
appellant’s community supervision as alleged in the State’s motion to
adjudicate.  

Maxey
testified that appellant had failed to report to appellant’s supervision
officer from October 2006 through July 2007, as required under the conditions
of her community supervision.  Maxey
testified that appellant had satisfied the other two conditions of community supervision
cited by the State as grounds for adjudication.  Specifically, since the motion to adjudicate
was filed, appellant had paid certain required fees and costs and had undergone
a psychological evaluation.  Maxey
testified that appellant had completed the required psychological evaluation
the week before the hearing.  Maxey
further testified that a report of the psychological evaluation had not yet
been completed because the evaluator needed to obtain appellant’s psychiatric medical
records.  

At the end
of the hearing, the trial court granted the State’s motion by revoking
appellant’s community supervision and finding her guilty of endangerment of a
child.  The trial court stated on the
record that it had found that appellant was an “absconder”; that is, that
appellant had not complied with her community supervision conditions by failing
to report to her supervising probation officer. 


The trial
court then asked appellant if she had evidence to offer regarding
punishment.  Appellant’s counsel informed
the court that his client had no punishment evidence but that he would offer
argument regarding sentencing.  

In his
argument, counsel requested the trial court to wait to decide punishment until
the court had received appellant’s psychological evaluation.  Counsel argued that the court must have
considered the evaluation to be important because it had made the evaluation a
condition of appellant’s community supervision. 
Counsel also argued that the evaluation would provide the trial court
with “a comprehensive view” of the case and give the court “deeper insight”
into appellant’s “situation.”  Counsel had
earlier alluded that appellant may have psychological issues as indicated by
Maxey’s testimony that appellant was undergoing a “sex change operation.”  Counsel asserted that the report would assist
the court in understanding why appellant did not comply with the reporting
condition of community supervision.  

The trial
court implicitly denied appellant’s oral request to continue sentencing by sentencing
appellant to one year in state jail.  

This appeal
followed.  In one issue, appellant
asserts that “the trial court abuse[d] its discretion and den[ied] Appellant
due process of law by failing to grant the Motion for Continuance filed by
trial counsel.”  

Motion for Continuance 

We review a
trial court’s ruling on a motion for a continuance for abuse of discretion.  Gallo v.
State, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007).  

          From her briefing, it is not clear
whether appellant intends to challenge the trial court’s September 13, 2007 denial
of her written motion for continuance or her oral motion for continuance made
during the sentencing phase at the motion to adjudicate hearing.  Although she references the filing of her
motion for continuance, appellant’s argument on appeal centers on the trial
court’s implicit denial of her request to continue sentencing until the written
psychological evaluation had been completed and provided to the court.  We will discuss each motion in turn.  

          The record shows that, in her written
motion for continuance, appellant did not request the trial court to continue
the motion to adjudicate hearing on the ground that the written psychological
evaluation had not been completed.  Instead,
appellant sought a continuance on the ground that her counsel had not received
timely notice of the hearing.  Appellant
does not raise the timeliness argument on appeal.  In short, appellant’s argument on appeal does
not match the grounds asserted in her written motion for continuance.  Hence, appellant has not shown that the trial
court abused its discretion by denying her written motion for continuance,
which was filed and denied several days before the adjudication hearing.

          With respect to the oral motion for
continuance made during the sentencing phase of the hearing, appellant points
out that she was entitled to offer evidence in mitigation of punishment.  She contends that, by denying her oral motion
for continuance to allow time for the completion of the evaluation, the trial
court denied her right to due process.  

Contrary to
appellant’s contention, the trial court did not deny appellant’s right to
present evidence during the punishment phase. 
The record shows that the trial court asked appellant if she had
evidence to present.  Appellant stated
that she had no evidence to present.  Instead,
appellant orally requested the trial court to continue sentencing until it had
reviewed the psychological evaluation.

          The Court of Criminal Appeals has made
clear that an oral motion for continuance, such as that made by appellant,
preserves nothing for review.  See Anderson v. State, 301 S.W.3d 276,
279 (Tex. Crim. App. 2009); see also Dewberry
v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999).  The court recently clarified that there is no
“equitable” or “due process” exception to this rule.  See Lizcano
v. State, No. AP-75879, 2010 WL 1817772, at *22 (Tex. Crim. App. May 5,
2010).

          Furthermore, when a continuance is
sought after trial begins, the movant must establish that the delay is needed
because of “some unexpected occurrence since the trial began, which no
reasonable diligence could have anticipated” and which caused her surprise.  See Tex. Code Crim. Proc. Ann. art. 29.13
(Vernon 2006).  Here, appellant was not
surprised by the psychological evaluation. 
She was aware of the evaluation and could have either subpoenaed the evaluator
to testify at the hearing or included her request for a continuance based on
the lack of the psychological evaluation in a written motion for
continuance.  The record does not show
that appellant did either.  

Lastly, to establish
an abuse of discretion, appellant must show that she was prejudiced by the
denial of her motion for continuance.  See Janecka v. State, 937 S.W.2d 456,
468 (Tex. Crim. App. 1996).  Appellant
has not shown, beyond her bare assertions, that the trial court’s denial of her
oral request for a continuance prejudiced her. 


We conclude
that appellant has not shown that the trial court’s denial of her motions for
continuance was an abuse of discretion. 
We overrule appellant’s sole issue.

 

Conclusion

We affirm
the judgment of the trial court.

 

 

                                                                   Laura
C. Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Hanks, and Higley.

Do not publish.   Tex. R.
App. P. 47.2(b).