Opinion filed December 2,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00092-CR

                                                    __________

 

                            JAMES
THOMAS JAMESON, Appellant

                                                               
V.

                                          
STATE OF TEXAS, Appellee



 

                                   On
Appeal from the 355th District Court

                                                             Hood
County, Texas

                                                       Trial
Court Cause No. 9742

 



 

M
E M O R A N D U M   O P I N I O N

            The
trial court revoked James Thomas Jameson’s community supervision for violating
the conditions of his court-ordered supervision, adjudicated his guilt, and
sentenced him to twenty-five years confinement.  We affirm.

I.  Background Facts

On
July 29, 2005, Jameson pleaded guilty to the first degree felony offense of
aggravated robbery with a deadly weapon.  The trial court placed Jameson on
deferred adjudication community supervision for eight years.  On January 23,
2007, the State filed a motion to proceed with an adjudication of guilt,
alleging that Jameson had violated a number of conditions of his community
supervision, including failing to pay fines, fees, and court costs; failing to
pay supervision fees; and failing to complete the required hours of community
service restitution.     Jameson pleaded true to all of the State’s
allegations.  The trial court continued Jameson’s community supervision and
additionally ordered him to serve an alternate community service sentence at
the Northeast Texas Restitution Center for a period of up to twenty-four
months.

On
December 11, 2008, the State filed another motion to proceed with an
adjudication of guilt.  The State alleged that Jameson had violated the
conditions of his community supervision by assaulting his wife, Misty Michelle
Jameson; by failing to abstain from the use of alcohol; by failing to pay
fines, fees, and court costs; by failing to pay supervision fees; and by
failing to complete the required hours of community service restitution. 
Jameson pleaded true to all but the assault allegation.  The trial court found
the State’s allegations against Jameson to be true, adjudicated his guilt, and
sentenced him to twenty-five years confinement.

II.  Issues

Jameson
raises two issues on appeal.  First, he argues that the trial court abused its
discretion by failing to grant his motion for continuance based upon the
unavailability of a material witness, Misty Jameson.  Second, he contends that
the trial court abused its discretion by finding that Jameson violated a
condition of his community supervision.

III.  Did the Trial Court Err
by Denying the Motion for Continuance?

Jameson
argues that the trial court abused its discretion by denying his motion for
continuance to procure Misty Jameson’s presence.  Jameson’s counsel orally
requested the continuance at the beginning of the revocation hearing, stating
that he had subpoenaed Misty Jameson as a witness and that her testimony would
help provide his client with a defense.

A
sworn, written motion is required to preserve appellate review from a trial
court’s denial of a motion for continuance.  Anderson v. State, 301
S.W.3d 276, 279 (Tex. Crim. App. 2009); see also Tex. Code Crim. Proc. Ann. arts. 29.03, .08 (Vernon 2006).  Jameson admits that counsel only
orally requested a continuance.  Because it was not a sworn, written motion,
its denial has not been preserved for review.  Jameson’s first issue is
overruled.  

IV. 
Did the Trial Court Err by Finding that Jameson

Violated
a Condition of his Community Supervision?

 

Jameson
next argues that the trial court abused its discretion by finding that he had
violated a condition of his community supervision.  He maintains that double
jeopardy barred the allegations that he had failed to pay fines, fees, and
court costs; that he had failed to pay supervision fees; and that he had failed
to complete the required hours of community service restitution.  In addition,
he contends that there was insufficient evidence to support a finding that he assaulted
Misty Jameson.

Orders
revoking community supervision are reviewed for abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  The State must prove
by a preponderance of the evidence that the probationer violated a condition of
community supervision.  Cobb v. State, 851 S.W.2d 871 (Tex. Crim. App. 1993). 
A plea of true, standing alone, is sufficient to support the revocation of community
supervision.  Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). 
A trial court’s order revoking community supervision will be affirmed if an
appellant does not challenge all of the grounds upon which the court revoked
community supervision.  Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. 1980).  

Jameson
pleaded true to the allegation that he violated a condition of his community
supervision by failing to abstain from the use of alcohol, and the trial court
found all of the allegations to be true.  Jameson does not challenge the
finding that he failed to abstain from the use of alcohol.  His plea of true to
this allegation was sufficient to support the revocation of his community
supervision.  Moore, 605 S.W.2d at 926; Cole, 578 S.W.2d at 128. 
Therefore, the trial court did not abuse its discretion by finding that Jameson
had violated a condition of his community supervision.  Jameson’s second issue
is overruled.

V.  Conclusion

The judgment of
the trial court is affirmed.

 

 

                                                                              

RICK STRANGE

                                                                                    JUSTICE

 

December 2, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.