

## NUMBER 13-11-00591-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**FELIX MOYA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 148th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Felix Moya challenges his conviction for continuous sexual assault of a

child younger than fourteen, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.02

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

(West Supp. 2011). A jury found Moya guilty, and the trial court sentenced Moya to eighty years in the Texas Department of Criminal Justice. By one issue, Moya complains that the trial court erred in allowing defense counsel only eighteen days to prepare for trial, thus, rendering counsel's assistance ineffective. We affirm.

## I. Background

On November 29, 2010, the trial court appointed counsel to represent Moya. On April 4, 2011, the trial court replaced Moya's first counsel. Moya's second counsel filed a motion for discovery, a motion for discovery of exculpatory and mitigating evidence, and a motion for a list of witnesses. In April and June 2011, the State provided notice of possible experts. It also filed notice of its intent to offer extraneous offenses, the outcry statement, and the child's hearsay statement. On July 19, 2011, Moya's second counsel filed a motion to withdraw, citing inability to communicate effectively and an irreconcilable conflict with Moya as the bases for his motion. Moya consented to the withdrawal. On July 21, 2011, the trial court granted the motion to withdraw and appointed Moya's third counsel.

At an August 2011 pre-trial hearing, in response to the State's motion to disclose expert witnesses, Moya's counsel stated that she consulted with a medical expert who was helping her formulate questions. She also represented to the trial court that she had gone through the discovery motions filed by Moya's earlier counsel and that she believed she had everything she needed from the State. Counsel indicated that the only pre-trial issue she was researching was whether certain pictures could be excluded. Counsel admitted that she was aware the case was set for trial on the following Monday.

2

On August 8, 2011, just before voir dire began, Moya's counsel raised an issue concerning Moya's request for an interpreter and put on the record that he had declined the State's plea offer. Counsel did not file a motion for a continuance and did not indicate that she was unprepared to proceed.

On August 9, 2011, counsel announced ready. Moya pleaded "not guilty," and the trial began. Again, counsel filed no motion for continuance and made no objection that she was unprepared. During her opening statement, counsel raised the primary defense that Moya was being accused in retaliation for his having obtained custody of his children from his ex-wife, whose sister was the mother of the complaining witness. She later presented numerous defense witnesses, including Moya's daughter, a registered nurse, Moya's son, a Sheriff's deputy, Moya's ex-girlfriend, and a jail inmate who had contact with Moya. Counsel called and questioned Moya himself. She later included Moya's defense in her closing argument. The jury found Moya guilty. No motion for new trial was filed. This appeal ensued.

## II. MOTION FOR CONTINUANCE

By his sole issue, Moya complains that the trial court erred in allowing defense counsel only eighteen days to prepare for trial, which he asserts denied his trial counsel adequate time to prepare. Moya asserts that this, in turn, rendered his counsel's assistance ineffective.

The code of criminal procedure provides for a continuance only on written motion of the State or of the defendant, with sufficient cause shown. TEX. CODE. CRIM. PROC. ANN. art. 29.03 (West 2008). The court of criminal appeals has also held that the

3

defendant's failure to comply with the written-motion requirement waives his right to challenge the trial court's denial of his unsworn oral motion for continuance. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

In the present case, even had Moya's counsel requested a continuance in chambers as noted in appellant's brief, there is no record of any written motion, and counsel clearly indicated that she was ready to proceed at the time of trial. We cannot conclude that the trial court committed error when it allowed the trial to proceed or that the trial court denied counsel adequate time to prepare for trial. Moya waived his right to challenge the trial court's action. We overrule this portion of Moya's sole issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Having overruled Moya's argument regarding trial court error, Moya must show that his attorney was ineffective for failing to ask for such a continuance and for allegedly proceeding to trial unprepared. Moya argues that trial counsel's failure to file a written motion for continuance was "horribly damaging to [his] case because counsel did not have sufficient time to prepare for trial, consult with experts, or interview witnesses . . . ."

### A. The Law

To establish ineffective assistance of counsel, Moya must show, by a preponderance of the evidence, that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) he was prejudiced because there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Jaynes v. State*, 216 S.W.3d 839,

4

851 (Tex. App.—Corpus Christi 2006, no pet). Failure to make the required showing of either element defeats the ineffectiveness claims. *Strickland*, 466 U.S. at 700; *Perez*, 310 S.W.3d at 893.

We review the effectiveness of counsel in light of the totality of the representation and the circumstances of each case. *Thompson v. S*tate*,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Usually, the trial record will not be sufficient to establish an ineffective assistance of counsel claim. *Id.* at 813–14.

## B.   Discussion

In this case, the trial record is undeveloped as a record to demonstrate exactly how Moya's counsel was denied adequate time to prepare for trial and how Moya would have benefited had he been granted a continuance. For example, the only specific complaint Moya raises concerns counsel's ineffectiveness because of her failure to urge pretrial motions, specifically a motion for continuance. However, in light of the totality of the representation, portions of the record establish that Moya's trial counsel clearly represented that she obtained everything she needed from the State and that no other pre-trial issues remained, except for a legal question she was researching concerning whether she could exclude certain pictures. Moya has not shown what witnesses he could have obtained or what experts he could have retained with more preparation time. Moya offers no explanation of how the outcome of the trial would have been different had his counsel not failed to file a motion for continuance. Thus, Moya has not met his burden of showing prejudice, the second *Strickland* element. Having failed to show the prejudice element, Moya's ineffectiveness claim is defeated. *See Strickland*, 466 U.S. at

5

687–96; *Perez*, 310 S.W.3d at 893; *Thompson*, 9 S.W.3d at 812–13.   Accordingly, we overrule the remaining portion of Moya's issue.

## IV.   CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of April, 2013.