**AFFIRM; Opinion issued April 11, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-00672-CR**

**HOWARD HUGHES ALLEN II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-45624-P**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

Howard Hughes Allen II waived a jury trial and entered an open plea of guilty to the offense of aggravated robbery with a deadly weapon. The trial court found Allen guilty and sentenced him to forty years' imprisonment. In a single issue, Allen claims he was denied due process of law when the trial court abandoned its role as a neutral fact finder by cross-examining Allen and his father. We affirm the trial court's judgment. We limit recitation of the background and facts of this case because these matters are well known to the parties. We issue this memorandum opinion because the law to be applied is well settled. *See* TEX. R. APP. P. 47.2(a), 47.4.

## Background

On June 7, 2011, Mark Johnson was leaving work when Allen approached him, pointed an automatic weapon at his chest, and demanded his wallet and money. Johnson had no cash, but gave Allen the change he had in his car. After Allen left, Johnson called the police. Allen was arrested and charged with aggravated robbery.

On April 23, 2012, Allen appeared in court and pleaded guilty to the aggravated robbery charge without the benefit of a plea agreement. At the same hearing, Allen also entered an open plea of guilty to a charge of unauthorized possession of a firearm by a felon and pleaded true to the State's allegation that he violated the conditions of his probation in a 2008 burglary of a habitation case. The State introduced Allen's judicial confession to the aggravated robbery charge and recommended a sentence of forty years in prison. The State also introduced evidence of two prior misdemeanor convictions (evading arrest and possession of marijuana in 2004) and two prior felony convictions (burglary of a habitation and theft of property in 2005), along with evidence of the 2008 burglary of a habitation offense for which Allen had received deferred adjudication probation. The State then rested its case.

Allen testified that he was twenty-six years old when he robbed Johnson at gunpoint. He became involved with drugs while he was a teenager and was high the day he robbed Johnson. He claimed he needed money to buy diapers for his girlfriend's baby who, at the time of the robbery, he thought was his child. Allen knew that he needed to "stay clean" and "do the right thing." He admitted that he had gone to classes to help him with his drug problem when he was in prison for theft, but claimed he needed more assistance to address his substance abuse issues. Allen testified that he knew what he did was wrong and that he accepted responsibility for it.

During cross-examination, Allen admitted he had problems with some of the guards while he was in jail on the current charge. On redirect, Allen said he had two "write-ups" for disrespecting the guards. The trial court then asked Allen specific questions about his prior convictions, his motivation for committing the offenses, his difficulties with the guards, and his time in prison. When asked if he had any mental illness, Allen said he saw a psychiatrist when he was younger because he was having reoccurring dreams and "hearing voices a bit." Neither the State nor defense counsel objected to the trial court's actions. Allen did not ask to withdraw his guilty plea after being questioned by the trial court.

Allen's father testified Allen had been diagnosed borderline bipolar when he was ten years old. Allen began taking medication for the condition and was "okay after a while." Allen's parents noticed a change in his behavior during his senior year in high school, and they attributed the change to drug use. Following the State's cross-examination, the trial court briefly questioned Allen's father about his son's bipolar diagnosis. Again, neither the State nor defense counsel objected to the trial court's actions, and Allen did not seek to withdraw his guilty plea.

**Analysis**

In his sole issue, Allen claims he was deprived of his right to due process under the Fifth Amendment to the United States Constitution.[1] He argues the trial court abandoned its role as a neutral fact finder when it questioned Allen and his father.

Generally, to preserve a complaint for appellate review, a party must make a timely request, objection, or motion in the trial court and obtain an adverse ruling from the trial court. TEX. R. APP. P. 33.1(a); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (to avoid forfeiting complaint, party must "let the trial judge know what he wants, why he thinks he is

---

[1] The Fifth Amendment provides, "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. V.

3

entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it") (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). The requirement of preservation of error generally applies to constitutional errors. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("almost all error–even constitutional error–may be forfeited if the appellant failed to object"); *see also Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."); *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990) (defendant required to object at trial that constitutional right to due process was violated in order to preserve issue for appeal). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g) (quoting *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009)).

Allen did not object on any ground in the trial court. Accordingly, he forfeited his denial of due process claim by not properly preserving it. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012); *Anderson*, 301 S.W.3d at 280. We resolve Allen's sole issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/
_____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120672F.U05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HOWARD HUGHES ALLEN II, Appellant

No. 05-12-00672-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No.F11-45624-P.
Opinion delivered by Justice Fillmore, Justices Lang-Miers and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 11, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

5