

NUMBER 13-12-00471-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAUL BENAVIDES,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez, Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant, Raul Benavides, was convicted of assault family violence, enhanced to a habitual felony offense because of two prior felony convictions, and sentenced to twenty-five years in the Texas Department of Criminal Justice–Institutional Division (TDCJ-ID).  *See* TEX. PENAL CODE ANN. § 22.01 (West 2011).  In three issues, which

we re-number as two, Benavides argues that the trial court's failure to grant his motion for continuance (1) violated his Confrontation Clause rights under the United States Constitution and (2) did not allow him to present a complete defense. We affirm because Benavides failed to preserve his error.

## I. BACKGROUND

On February 29, 2012, Benavides was arrested for beating his girlfriend, Gloria Berardi. Corpus Christi Police Department Officers Darrell Anderson and John Villarreal responded to the 9-1-1 call reporting the domestic violence incident. Officer Villarreal subsequently authored the police report documenting what occurred.

Prior to his bench trial, Benavides learned that Officer Villarreal could not testify because he was recuperating from knee surgery. Officer Anderson, however, was scheduled to testify regarding the arrest. Although Benavides's counsel expressed concern about Villarreal not testifying, he did not move for a continuance before the trial began.

After presenting all of his defense witnesses, Benavides's counsel stated the following:

Attorney: Your Honor, my client wants to call Mr. Villarreal back. He's the witness that wrote the police report . . . and he's not available because he's having knee surgery. I would request a continuance to call him in rebuttal.

The Court: Denied.

The trial court convicted Benavides of assault family violence, which was enhanced to a habitual felony offense because of two prior felony convictions. *See id.* § 22.01. Benavides was then sentenced to twenty-five years in the TDCJ-ID. *See id.* § 12.42 (West 2011). This appeal followed.

2

## II. APPLICABLE LAW AND STANDARD OF REVIEW

Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure set forth the procedures necessary when requesting a continuance. Article 29.03 provides that: "A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006). Article 29.08 holds that, "All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id.* art. 29.08 (West 2006). The Texas Court of Criminal Appeals has "construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance." *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2010). "Thus, if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Id.*

The decision to grant or deny a motion for continuance is "within the sound discretion of the trial court." *Wright v. State,* 28 S.W.3d 526, 532 (Tex. Crim. App. 2000).

## III. ANALYSIS

Benavides made an unsworn oral motion for continuance, which the trial court denied. Because Benavides failed to file a formal, sworn motion for continuance as required by the code of criminal procedure, he forfeited his right to complain about the judge's ruling. *See Anderson*, 301 S.W.3d at 279; TEX. CODE CRIM. PROC. ANN. art. 29.08. Where an issue has not been properly preserved for appeal, the court of appeals "may not address the merits of that issue." *Blackshear v. State*, 385 S.W.3d

3

589, 591 (Tex. Crim. App. 2012).

Accordingly, we may not address the merits of Benavides's underlying complaints regarding an alleged confrontation clause violation and his claimed inability to present an adequate defense, because he briefed them as incidental to the denial of his motion for continuance.[1] *Id.; see* TEX. R. APP. P. 33.1. Specifically, his issues were that: "the trial court's failure to grant a timely motion for continuance, in order to allow the appearance, testimony, and cross-examination of Officer Villarreal, was a violation of Defendant's right to confrontation under the Sixth Amendment" and "constitute[d] a denial of [d]efendant's [c]onstitutional right to present a complete defense."

Because Benavides failed to properly preserve his error, we overrule his two issues. *See Blackshear*, 385 S.W.3d at 591; TEX. R. APP. P. 33.1.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
16th day of May, 2013.

---

[1] Further, even if Benavides had properly filed the motion for continuance, he failed to make any objections regarding an alleged Confrontation Clause violation at the trial court level. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). He also failed to object on the grounds that he could not present a complete and appropriate defense without the testimony of Officer Villarreal. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding that "the purpose of requiring [an] objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection."); *see also* TEX. R. APP. P. 33.1.

4