

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00504-CR

_____

TOMMY CORONADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 22nd District Court
Deaf Smith County, Texas
Trial Court No. CR-07L-208; Honorable Roland Saul, Presiding

May 2, 2014

OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Tommy Coronado, was convicted by a jury of indecency with a child[1] enhanced, and sentenced to sixty years confinement and a $5,000 fine. Appellant asserts the trial court erred in permitting the complainant to use a support person while

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1), (c) (West 2011). An offense under § 21.11(a)(1) is a second degree felony. *Id.* at (d).

testifying at trial pursuant to Texas Code of Criminal Procedure article 38.074[2] because (1) article 38.074 is inherently prejudicial and the State failed to meet certain statutory requirements for use of a support person; (2) the State's evidence was insufficient to establish that a support person's presence was unlikely to prejudice the jury; and (3) the trial court's order improperly charged Appellant $211 as "Basic Court Costs." We reform and affirm.

## BACKGROUND

In December 2007, an indictment issued alleging that, on or about August 1, 2007, Appellant intentionally or knowingly caused his finger to penetrate the sexual organ of a child younger than 14 years of age and not Appellant's spouse (Count 1), and he intentionally or knowingly engaged in sexual contact with the child by touching her genitals with intent to arouse or gratify his sexual desires (Count 2). The indictment further contained an enhancement paragraph alleging Appellant was convicted of two separate offenses of robbery in April 1985.[3]

In November 2012, the State informed the trial court of its intention to call the complainant as a witness[4] and requested she be permitted to have a support person

---

[2] Article 38.074 permits a trial court to allow a child to have a toy, blanket, or similar item in his or her possession while testifying or allow a support person to be present in close proximity to the child during the child's testimony if certain conditions are met. *See* TEX. CODE CRIM. PROC. ANN. art. 38.074(2), (3) (West Supp. 2013). A "support person" is defined as "any person whose presence would contribute to the welfare and well-being of the child." *Id.* at 38.074(1).

[3] If it is shown on the trial of a felony of the second degree that the defendant has previously been convicted of a felony other than a state jail felony punishable under section 12.35(a), on conviction the defendant shall be punished for a felony of the first degree. TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2013). Robbery, the offense alleged in the enhancement paragraph, is a felony of the second degree. *Id.* at § 29.02(b).

[4] The complainant was three years old at the time of the alleged offenses and nine years old at the time of trial.

present during her testimony. Appellant's counsel voiced concerns the support person would prompt the child and his right to confrontation would be diminished.

During the hearing, the complainant's mother testified her daughter is Appellant's great niece. She also testified that, since the crime, her daughter suffered from anxiety, bedwetting, fear of being alone, trust issues and attention deficit. In the months immediately preceding the trial setting, the complainant had returned to counseling due to increased anxiety. The complainant's mother further opined that her daughter would not remember all the details of the alleged offenses or testify reliably without a support person because she would be consumed with fear and unable to focus on any examination. She recommended the child's aunt, her sister-in-law, be present during her daughter's testimony. At that time her sister-in-law had not been listed as a witness by either side.

On cross-examination, the mother testified her daughter sees her aunt weekly and feels safe in her presence. She testified her daughter was in the third grade and a good student with difficulty in reading. She further testified her daughter was able to read a paper before her seventeen member class and perform a one-line part in a Halloween play before an audience of 75 to 100 persons, including adults.

At the conclusion of cross-examination, Appellant's counsel objected to the presence of a support person because, in his view, the child appeared normal and no more anxious than anyone else would be testifying in court. He also asserted a support person would interfere with his right to confront or cross-examine the child. The State countered that a support person should be allowed because of the child's young age

and her history of counseling. The State also asserted no prejudice existed because the aunt was not designated as a witness by either side and she had been thoroughly admonished concerning the requirements of section 3(c).[5] The trial court found, by a preponderance of evidence, the support person's presence would assist the child to reliably testify and was unlikely to prejudice the trier of fact in evaluating the child's testimony.

In its opening statement at trial, the State informed the jury the child would testify accompanied by her aunt. The State indicated her aunt would be there "to just sit with her, not to testify, but just to sit with her for moral support." Prior to the child's testimony, her counselor testified that, based upon their recent sessions, "it is going to be very difficult for [the child] to testify in court in defendant's presence" and she would be "very fearful." When the child spoke of her abuse, her counselor indicated she displayed anxiety, embarrassment, shame and tearfulness. Afterwards, the child testified without objection. Appellant's attorney did not ask for any instruction regarding the support person's presence.

At the trial's conclusion, the jury found Appellant not guilty of aggravated sexual assault as alleged in Count one of the indictment, but guilty of indecency with a child as alleged in Count two. The jury also found the allegations contained in the enhancement paragraph of the indictment to be true. The jury then sentenced Appellant to sixty years confinement and a $5,000 fine. In addition to reciting the offense as a first degree felony and a finding of "True" as to the enhancement paragraph contained in the

---

[5] Section 3(c) of article 38.074 provides that a support person who is present during a child's testimony may not (1) obscure the child from the view of the defendant or the trier of fact; (2) provide the child with any answer to any question asked the child; or (3) assist or influence the child's testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.074, § 3(c)(1)-(3) (West Supp. 2013).

4

indictment, the trial court's *Judgment of Conviction* contains the following notation: "Finding on 2nd Enhancement/Habitual Paragraph: TRUE." The judgment further ordered Appellant to pay $736 as "Basic Court Costs." The underlying *District Court Criminal Court Costs-Fees-Fine-Restitution Worksheet* contained in the record indicated the $736 consisted of $211 in court costs, $25 time payment fee, $100 child abuse prevention fee, $250 DNA fee, $20 jury fee and $130 in peace officer fees. This appeal followed.

## DISCUSSION

Appellant's first two issues concern the trial court's order permitting the child to have a support person present during her testimony. Appellant's third issue asks whether the trial court properly charged Appellant $211 in "Basic Court Costs."

### ISSUES ONE AND TWO

Appellant asserts the procedure established by the Texas Legislature for a trial court's approval of a support person pursuant to article 38.074 is inherently prejudicial. Because Appellant failed to raise this objection to the statutory procedure in the trial court, he did not preserve error for review. *See Clark v. State*, 365, 365 S.W.3d 333, 339-40 (Tex. Crim. App. 2012) (holding that because defense counsel failed to alert the trial court that he was requesting relief based on a violation of defendant's constitutional rights, due process argument was not preserved for appellate review); *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (holding that due process right to present a defense is subject to forfeiture if not properly asserted in the trial court).

5

To preserve a complaint for review, a party must have presented a specific and timely request, motion, or objection to the trial court and obtained an adverse ruling. Tex. R. App. P. 33.1(a); *Pena v. State,* 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). Appellant's objections were that the support person might prompt the child's testimony or diminish his right to confrontation of a witness. He further complained that a support person was unnecessary because evidence showed the child was no more anxious than any other witness in court. Because Appellant's issue on appeal does not comport with his objections at trial, that issue is not preserved for review. *Clark*, 365 S.W.3d at 339.

Appellant also asserts the State failed to make an "adequate showing of necessity" to justify the presence of a support person. Article 38.074 requires the State show by a preponderance of evidence that (1) the child cannot reliably testify without the item or support person's presence, and (2) granting the State's request is not likely to prejudice the trier of fact in evaluating the child's testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.074, § 3 (b)(1), (2) (West Supp. 2013).

At the hearing, the child's mother testified her daughter was suffering from increased anxiety due to the upcoming trial and, as a result, was attending counseling. In her opinion, her daughter would be consumed with fear and unable to focus on any examination at trial in the absence of a support person. At trial, her daughter's counselor also opined that, based upon recent counseling sessions, she believed it would be very difficult for the child to testify due to Appellant's presence in court because she would be very fearful. Her counselor also indicated she continued to display anxiety, embarrassment, shame and tearfulness more than six years after the

6

abuse. Based on this record, we find there was sufficient evidence showing the child could not reliably testify without the presence of a support person.

The State's evidence was also sufficient to show that a support person's presence was unlikely to prejudice the jury. At the hearing, the State proffered the child's aunt as someone the child trusted, who had not been designated as a witness by either side, and who had received the admonishments applicable to support persons. *See* TEX. CODE CRIM. PROC. ANN. art. 38.074, § 3(c)(1)-(3) (West Supp. 2013). Appellant presented no evidence the jury would likely be prejudiced by the presence of the child's aunt as a support person. Further, at trial, the trial court's instructions to the jury emphasized that the trier of fact must base their verdict on the evidence, i.e, "testimony of witnesses and evidence presented in the form of physical objects or documents called exhibits." We find there was a preponderance of evidence supporting the trial court's determination that the presence of a support person was not likely to prejudice the trier of fact in evaluating the child's testimony. Accordingly, we cannot say the trial court erred in permitting the child to testify at trial in the presence of a support person. Appellant's first two issues are overruled.

### ISSUE THREE

By his third issue, Appellant contends the judgment charging him with $736 as "Court Costs" actually over-charged him the sum of $78 because the *Bill of Costs* reflects $211 for "basic court costs" when the statutory "consolidated fee on conviction" of a felony is $133. *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2013). In making this argument the Appellant fails to account for the following statutorily

7

authorized fees—totaling $78, which are "in addition to" the consolidated fee on conviction: $40 district court filing fee; *see* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006), $25 records management fee; *id.* at 102.005(f)(1)-(2), $5 courthouse security fee; *see* TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2013), $4 juror reimbursement fee; *id.* at 102.0045(a), and $4 judicial support fee; *see* TEX. LOC. GOV'T CODE ANN. § 133.105(a) (West 2008).

When a specific amount of court costs is written in the judgment, an appellate court should affirm the judgment as to court costs "if there is a [statutorily authorized] basis for the cost." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Because we conclude a statutorily authorized basis for the court costs assessed exists, Appellant's third issue is overruled.

### REFORMATION OF JUDGMENT

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex.App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

As stated above, the *Judgment of Conviction* recites the degree of offense as a first degree felony. Indecency with a child is a second degree felony. *See* n.1. The judgment further reflects a plea of "True" and a finding of "True" to a "2nd Enhancement/Habitual Paragraph." While the indictment in this case does allege two separate offenses as "enhancements," there is but one "enhancement" for purposes of punishment as a repeat offender. The offenses alleged are not subsequent offenses for purposes of enhancement of punishment as contemplated by subsection (d) of section 12.42 because Appellant was convicted of both offenses on the same day.[6] Accordingly, we reform the judgment to reflect the correct degree of offense as a second degree felony and to delete any reference to a plea or finding as to a second enhancement.

## CONCLUSION

As reformed, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Publish.

---

[6] If it is shown on the trial of a felony offense, other than a state jail felony punishable under section 12.35(a), that the defendant has been convicted of *two* felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction became final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than ninety-nine or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2013).