

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1441-08

---

### DAVID LEE ANDERSON II, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### GALVESTON COUNTY

---

**KEASLER, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Before trial, David Lee Anderson made an unsworn oral motion for a continuance so

that he would have time to mount a defense against the State's DNA test results. The judge

denied the motion, and Anderson pled guilty and appealed the judge's denial of the motion.

The Corpus Christi Court of Appeals held that Anderson's claim was preserved because there

is a "due process exception" to the rule that an unsworn oral motion for a continuance

preserves nothing for review.[1] We conclude that the court's preservation analysis was flawed and that the right at issue—a meaningful opportunity to present a complete defense—is forfeitable under *Marin v. State*.[2] Therefore, we reverse the court's judgment because Anderson failed to preserve his claim for appellate review.

## Background

Anderson was charged with aggravated sexual assault of a child.[3] The victim was Anderson's five-year-old daughter. Anderson's trial was originally set for January 9, 2006. On April 6, 2006, the parties agreed to a continuance so that the Department of Public Safety (DPS) crime lab could conduct DNA testing of the complainant's bathing suit. The State submitted the bathing suit to DPS for testing on August 3, 2006, and on August 8th, the prosecutor notified Anderson's attorney that DPS chemists found semen on the swimsuit. DPS prepared the DNA report on August 17th. The prosecutor received the written report on the morning of August 21st, the day Anderson's trial was set to begin. The results did not exclude Anderson as the donor of the semen. Before jury selection, the prosecutor gave Anderson's attorney the report after the lunch break. Anderson's counsel immediately asked the judge to strike the report. He argued that the report was not given to him in a timely fashion and that he was therefore unable "to defend against it." In response, the prosecutor

---

[1] *Anderson v. State*, 268 S.W.3d 130, 133 (Tex. App.—Corpus Christi 2008).

[2] 851 S.W.2d 275 (Tex. Crim. App. 1993).

[3] T EX. PENAL CODE ANN. § 22.021 (a)(1)(B) (Vernon Supp. 2005).

stated that, on August 8th, she told Anderson's attorney that semen was present on the swimsuit. She also said that she had given Anderson's attorney the name and phone number of the chemist who conducted the testing. Anderson's attorney stated that he wanted to have the opportunity to have his own testing conducted. The trial judge acknowledged that Anderson's attorney was not given much time. The prosecutor then stated:

> He could have asked for a continuance if he needed more time. If the evidence is going to be stricken, then, I would move for a continuance, then, in order to give him more time to prepare for it, then, that's what he should be given; but to strike this evidence or to keep this evidence out is not the proper remedy. I mean, if what he needs is more time to prepare for it, then, that's what should be given . . . .

Anderson's attorney then requested a continuance, though he failed to ask the judge for a few moments to draft a written motion as required by Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure. Ultimately, the judge overruled the motion. Anderson's attorney objected, citing unfair surprise and an inability to defend against the information made in the report. The judge overruled defense counsel's objection.

The parties proceeded to jury selection. After the jurors were selected and sworn, the court adjourned for the day. Before opening arguments the following morning, Anderson changed his plea to guilty. The trial judge accepted the plea, and pursuant to a plea-bargain agreement with the State, the judge sentenced Anderson to ten years' imprisonment.

Anderson's counsel filed a motion for a new trial and a motion in arrest of judgment, both of which were overruled by operation of law. The judge certified Anderson's right to appeal his "pretrial rulings and issues from [the] motion for a new trial."

## Court of Appeals

In his sole point of error, Anderson argued in the Corpus Christi Court of Appeals that the trial judge erred in denying his request for a continuance so that he could obtain independent DNA testing.[4] The court stated that, as a "general rule," an unsworn, oral motion for continuance preserves nothing for review.[5] But the court recognized a "due process exception," whereby an appellant may appeal the denial of an oral motion for continuance if it amounted to a denial of due process.[6] The court of appeals found that Anderson, unable to obtain his own DNA testing, was deprived of the opportunity to present a complete defense.[7] Observing that a defendant is entitled to a meaningful opportunity to present a complete defense, the court held that the trial judge abused his discretion.[8] As a result, the court reversed the trial court's judgment and remanded the case for a new trial.[9]

The State petitioned for review, and we granted review to decide whether the court of appeals erred in concluding that Anderson was excused from preserving for appellate review his claim that the trial judge erred to deny his motion for a continuance when the

---

[4] *Anderson*, 268 S.W.3d at 132.

[5] *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08 (Vernon Supp. 2006).

[6] *Anderson*, 268 S.W.3d at 133 (citing *O'Rarden v. State*, 777 S.W.2d 455, 459-60 (Tex. App.—Dallas 1989, pet. ref'd).

[7] *Id*. at 134.

[8] *Id*. at 134-35.

[9] *Id*.

motion was not sworn to or written.

## Analysis

As both parties have observed, the Legislature has set out the requirements for a motion for a continuance in Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure. Article 29.03 states: "A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." And Article 29.08 provides: "All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance."

We have construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance.[10] Thus, if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal.[11] The court of appeals in

---

[10] *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); *Montoya v. State*, 810 S.W.2d 160, 176 (Tex. Crim. App. 1989); *Lewis v. State*, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984); *Porter v. State*, 623 S.W.2d 374, 381 (Tex. Crim. App. 1981); *Minx v. State*, 615 S.W.2d 748, 749 (Tex. Crim. App. 1981); *Allen v. State*, 505 S.W.2d 923, 924 (Tex. Crim. App. 1974); *Stubbs v. State*, 457 S.W.2d 563, 564 (Tex. Crim. App. 1970); *Crenshaw v. State*, 389 S.W.2d 676, 677-78 (Tex. Crim. App. 1965).

[11] *Cf., Martinez v. State*, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002) (stating, under Texas Rule of Appellate Procedure 33.1 and Texas Rule of Evidence 103 "the party complaining on appeal . . . about a trial court's admission, exclusion, or suppression of evidence must, at the earliest opportunity, have done everything possible to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question."); *Rushing v. State*, 85 S.W.3d 283, 285-86 (Tex. Crim. App. 2002) (observing that Article 4.18, which sets out the procedure to challenge a district court's jurisdiction over a juvenile criminal case, "places limitations" on a trial

this case recognized this procedural rule but disregarded it by invoking a "due process exception" to the preservation requirement.

We conclude that the court of appeals's erred in its analysis. When rules of procedural default come into play, courts must identify the type of rule involved and then determine whether it is subject to forfeiture.[12] The framework established in our decision in *Marin v. State* controls the resolution of this issue. In *Marin*, we identified three distinct types of rules involved in our adversarial judicial system: (1) absolute requirements and prohibitions; (2) rights of litigants that must be implemented by the system unless expressly waived; and (3) rights of litigants that are to be implemented upon request.[13] An absolute requirement, also known as "systemic requirement," is a rule or law that a trial court must follow even if the parties wish otherwise.[14] Waivable rights "are not extinguished by inaction alone."[15] A defendant must expressly relinquish them.[16] All other complaints, whether constitutional, statutory, or otherwise, are subject to forfeiture, and fall into the third

---

and appellate court's "ability to review certain types of claims.").

[12] *Marin*, 851 S.W.2d at 279 ("Determining which category a right occupies will usually settle the question of procedural default in the context of a particular case.").

[13] *Id.*

[14] *Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004); *Marin*, 851 S.W.2d at 280.

[15] *Marin*, 851 S.W.2d at 278.

[16] *Id*. at 279.

category.[17]

The court of appeals in this case instituted a "due process" exception to a rule of procedural default. The broad and vague concept of due process, as invoked by the court of appeals, is amorphous. And no such exception exists under our case law. Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved.[18]

When viewed in the context of the facts and circumstances of this case, the right at issue here—as asserted by Anderson's trial attorney—is Anderson's right to a meaningful opportunity to present a complete defense. This right defines the scope of review and is determinative in deciding whether Anderson forfeited his complaint about the trial judge's denial of his motion for a continuance by failing to comply with the requirements of Articles 29.03 and 29.08. In these circumstances, there is nothing to prohibit Articles 29.03 and 29.08 as operating as a rule of procedural default. So the question is whether the right to present a complete defense trumps the application of this procedural default.

---

[17] *See Mendez*, 138 S.W.3d at 342.

[18] *See e.g., Aldrich v. State*, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003); *Delrio v. State*, 840 S.W.2d 443, 445 (Tex. Crim. App. 1992)*; Gauldin v. State*, 683 S.W.2d 411, 413 (Tex. Crim. App. 1984), *overruled on other grounds*, *Guzman v. State*, 959 S.W.2d 631, 634 (Tex. Cr. App. 1998); *Mendoza v. State*, 552 S.W.2d 444, 450 (Tex. Crim. App. 1977); *Gibson v. State*, 516 S.W.2d 406, 409 (Tex. Crim. App. 1974); *Ex parte Bagley*, 509 S.W.2d 332, 333-34 (Tex. Crim. App. 1974); *Salas v. State*, 486 S.W.2d 956, 957 (Tex. Crim. App. 1972); *Valdez v. State*, 472 S.W.2d 754, 756 (Tex. Crim. App. 1971).

The court did not determine whether the constitutional right to present a defense is subject to forfeiture according to *Marin*'s framework and the parties have not briefed this issue. While we could vacate the court's decision and remand this case for proceedings consistent with this opinion,[19] precedent clearly establishes that the right to present a complete defense falls within *Marin*'s third category and is therefore subject to forfeiture. A defendant's constitutional right to a meaningful opportunity to present a complete defense is rooted in the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's Compulsory Process and Confrontation Clauses.[20] Confrontation and compulsory process rights are subject to procedural default.[21] And, in *Broxton v. State*, we held that Broxton forfeited his claim that he was denied the right to present a defense and the right to due process and due course of law under the United States and Texas Constitutions because he failed to lodge a proper objection at trial.[22] As a result, we conclude that Anderson forfeited his appellate challenge to the trial judge's denial of his unsworn oral continuance motion by failing to comply with procedural requirements of Articles 29.03 and 29.08.

---

[19] *See E.g., Saaverda v. State*, No. PD-0198-08, slip op. at 13-14 (Tex. Crim. App. 2009); *Montanez v. State*, 195 S.W.3d 101, 111 (Tex. Crim. App. 2006).

[20] *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

[21] *Taylor v. Illinois*, 484 U.S. 400, 410 (U.S. 1988) ("the decision whether to employ [the right to compulsory process] in a particular case rests solely with the defendant."); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding that appellant forfeited appellate review of his Confrontation Clause claim by his failure to properly object at trial).

[22] 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

## Conclusion

We hold that the court of appeals erred in concluding that there is a "due process" exception to the preservation requirements governing continuance motions in Articles 29.03 and 29.08. Applying *Marin*'s framework, the right to present a defense is subject to forfeiture. Therefore, by making an unsworn pretrial oral motion for a continuance, Anderson failed to preserve his claim that the trial judge erred by denying his motion for appellate review. We therefore reverse the court of appeals's judgment and reinstate the judgment of the trial court.

DATE DELIVERED: November 18, 2009
PUBLISH