NO. 07-09-0185-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

NOVEMBER 15,
2010



 

 



 

 

DESHAZO-GEORGE POST #68 -- AMERICAN LEGION, APPELLANT

 

V.

 

TEXAS ALCOHOLIC BEVERAGE COMMISSION, APPELLEE 



 

 



 

 FROM THE 31ST DISTRICT COURT OF WHEELER
COUNTY;

 

NO. 12,285; HONORABLE STEVEN EMMERT, JUDGE



 

 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Pending
before this Court is Appellant's Motion To Dismiss Appeal in which he represents he no longer
wishes to pursue this appeal.  Without
passing on the merits of the case, Appellant's motion is granted and the appeal
is dismissed.  Tex. R. App. P. 42.1(a)(1).  Having
dismissed the appeal at Appellant's request, no motion for rehearing will be
entertained and our mandate shall issue forthwith.   

                                                                                                Patrick
A. Pirtle

                                                                                                      Justice  






ned only one allegation, “[T]hat the verdict is contrary to the law and the evidence
which was presented in these cases.” 
Appellant now contends that the punishment set forth violates his due
process rights under the United States Constitution.  See U.S.
Const. amend VIII.  We disagree and will affirm the trial court’s
judgment.

Preservation of Error

            Before
we can begin any analysis, we must determine if appellant’s complaint has been
preserved for appellate review.  See
Tex. R. App. P. 33.1(a)(1).[5]  Appellant couches his argument in terms of a
due process violation.  However, the
Texas Court of Criminal Appeals has ruled that allegations of due process
violations are subject to the requirement of preservation by an objection or
motion filed with the trial court.  See
Anderson v. State, 301 S.W.3d 276, 279-80 (Tex.Crim.App. 2009). 
Our review of the record reveals that appellant lodged no objection to
the trial court’s sentences at the time of the punishment hearing.  Further, the subsequently filed motion for
new trial contains no reference to appellant’s due process argument.  A fair reading of the motion for new trial
does not lead us to the conclusion that appellant’s current argument was
apparent from the context of the motion. 
Rule 33.1(a)(1).  Accordingly, appellant’s issue has not been
preserved for review and is therefore waived. 
Anderson, 301 S.W.3d 279-80.  Appellant’s sole issue is overruled.

 

 

 

Conclusion

            Having
overruled appellant’s only issue, the judgments of the trial court are
affirmed.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 

 











[1] See Tex. Penal Code Ann. § 31.03(b), (e)(4)(D)
(West 2011). (No. 07-10-0408-CR).





[2] See Tex. Health & Safety Code Ann. § 481.115(a), (c) (West
2010). (No. 07-10-0409-CR).





[3] See Tex. Penal Code Ann. § 12.42(a)(3)
(West 2011).





[4] See Tex. Health & Safety Code Ann. § 481.115(a), (b). (No. 07-10-0410-CR).





[5] Further reference to the Texas Rules
of Appellate Procedure will be by reference to “Rule ___.”