

IN THE
TENlH COURT OF APPEALS

No. 10-10-00148-CR

**RONALD LEE KAMMERER,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F33846**

## MEMORANDUM OPINION

Ronald Lee Kammerer was convicted of the felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2010). He was sentenced to ten years in prison, but the sentence was suspended and Kammerer was placed on community supervision for ten years. Soon thereafter, he was arrested for driving while intoxicated in Hood County. He was eventually sentenced to prison for the Hood County offense. A motion to revoke was filed in Johnson County but subsequently withdrawn before any hearing was held. Kammerer was then arrested and convicted in Brazos County for driving while intoxicated. Again, a motion to revoke was filed in

Johnson County but then withdrawn before any hearing was held. Kammerer served time in prison for the Brazos County offense. Shortly before his community supervision expired, another motion to revoke was filed in Johnson County. A little over a month later, Kammerer pled true to violations of his community supervision, and the trial court revoked Kammerer's community supervision. Kammerer was sentenced to 10 years in prison. We affirm.

In two issues, Kammerer alleges that his due process rights were violated by the State's delay in proceeding with a motion to revoke his community supervision and that he was denied a speedy trial. The State contends neither of these issues was preserved for our review.

Texas Rule of Appellate Procedure 33.1 provides that, in general, as a prerequisite to presenting a complaint for appellate review, the record must show a timely, specific objection and a ruling by the trial court. "'Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only … all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).'" *Neal v. State*, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004) (quoting *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

Numerous constitutional rights, including those that implicate a defendant's due process rights and right to a speedy trial, may be forfeited for purposes of appellate review unless properly preserved. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *see also Rowland v. State*, No. 10-05-00178-CR, 2006 Tex. App. LEXIS 5081

(Tex. App.—Waco June 14, 2006, pet. ref'd) (speedy trial claim not preserved for appellate review).

In this case the trial court neither disregarded an absolute requirement (such as jurisdiction over the subject or person), nor denied Kammerer a waivable-only right (such as the right to counsel or a jury trial), so the only issue is whether Kammerer complied with Rule 33.1(a). *See Neal*, 150 S.W.3d at 175. He did not. Kammerer's due process claims and speedy trial claims, mentioned for the first time on appeal,[1] were not timely. Furthermore, appellant never offered evidence to support a due process or a speedy trial claim, therefore the State was never afforded an opportunity to offer rebuttal evidence, and the trial court was never asked to rule upon either claim. Accordingly, Kammerer's issues are forfeited and present nothing for review.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 16, 2011
Do not publish
[CR25]

---

[1] Even if Kammerer's various letters to the trial court brought a speedy trial claim to the trial court's attention prior to the filing of the State's last motion to revoke, a determination we do not make, Kammerer did not then bring the claim to the trial court's attention at the hearing on the motion to revoke.