NOS. 07-10-00408-CR, 07-10-00409-CR, 07-10-00410-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
29, 2011

 



 

DERRICK LACY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 432ND DISTRICT COURT OF
TARRANT COUNTY;

 

NO. 1188762D, 1188764D, 1188765D; HONORABLE RUBEN GONZALEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Derrick Lacy, entered pleas of guilty, and pleas of true to allegations of
prior convictions, without benefit of a plea bargain, to theft of property
under the value of $1,500,[1]
possession of a controlled substance, oxycodone, of
one gram or more but less than four grams,[2]
enhanced by allegation of one prior felony conviction,[3]
and possession of a controlled substance, morphine, of less than one gram.[4]  After receiving the pre-sentence
investigation (PSI), the trial court assessed appellant’s punishment at two
years in a State Jail Facility on the theft and possession of morphine charges.  At the same time, appellant was assessed a
term of confinement of six years in the Institutional Division of the Texas
Department of Criminal Justice on the possession of oxycodone
charge.  All terms of confinement were
ordered to run concurrently.  Appellant
has perfected his appeal contending that the trial court abused its discretion
by assessing a disproportionate punishment under the Eighth Amendment to the
United States Constitution.  We affirm.

Factual and Procedural Background

            Appellant
does not contest the sufficiency of the evidence to sustain his pleas of
guilty.  Neither does appellant contest
the procedural aspects of his plea of guilty without benefit of a plea bargain.  The record reflects that appellant entered
his pleas of guilty to each of the indicted offenses on June 9, 2010.  At the conclusion of the pleas, the trial
court ordered a PSI prepared. 
Subsequently, on the 27th of August, 2010, the trial court
conducted a punishment hearing.  The only
evidence received at that hearing was the PSI. 
After receiving the PSI, the trial court assessed appellant’s punishment
as set forth above.  A motion for new
trial was filed by appellant that contained only one allegation, “[T]hat the verdict is contrary to the law and the evidence
which was presented in these cases.” 
Appellant now contends that the punishment set forth violates his due
process rights under the United States Constitution.  See U.S.
Const. amend VIII.  We disagree and will affirm the trial court’s
judgment.

Preservation of Error

            Before
we can begin any analysis, we must determine if appellant’s complaint has been
preserved for appellate review.  See
Tex. R. App. P. 33.1(a)(1).[5]  Appellant couches his argument in terms of a
due process violation.  However, the
Texas Court of Criminal Appeals has ruled that allegations of due process
violations are subject to the requirement of preservation by an objection or
motion filed with the trial court.  See
Anderson v. State, 301 S.W.3d 276, 279-80 (Tex.Crim.App. 2009). 
Our review of the record reveals that appellant lodged no objection to
the trial court’s sentences at the time of the punishment hearing.  Further, the subsequently filed motion for
new trial contains no reference to appellant’s due process argument.  A fair reading of the motion for new trial
does not lead us to the conclusion that appellant’s current argument was
apparent from the context of the motion. 
Rule 33.1(a)(1).  Accordingly, appellant’s issue has not been
preserved for review and is therefore waived. 
Anderson, 301 S.W.3d 279-80.  Appellant’s sole issue is overruled.

 

 

 

Conclusion

            Having
overruled appellant’s only issue, the judgments of the trial court are
affirmed.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 

 











[1] See Tex. Penal Code Ann. § 31.03(b), (e)(4)(D)
(West 2011). (No. 07-10-0408-CR).





[2] See Tex. Health & Safety Code Ann. § 481.115(a), (c) (West
2010). (No. 07-10-0409-CR).





[3] See Tex. Penal Code Ann. § 12.42(a)(3)
(West 2011).





[4] See Tex. Health & Safety Code Ann. § 481.115(a), (b). (No. 07-10-0410-CR).





[5] Further reference to the Texas Rules
of Appellate Procedure will be by reference to “Rule ___.”