NOS. 07-10-00408-CR, 07-10-00409-CR, 07-10-00410-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 29, 2011

_____

DERRICK LACY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

NO. 1188762D, 1188764D, 1188765D; HONORABLE RUBEN GONZALEZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Derrick Lacy, entered pleas of guilty, and pleas of true to allegations of prior convictions, without benefit of a plea bargain, to theft of property under the value of $1,500,[1] possession of a controlled substance, oxycodone, of one gram or more but less than four grams,[2] enhanced by allegation of one prior felony conviction,[3] and

---

[1] See TEX. PENAL CODE ANN. § 31.03(b), (e)(4)(D) (West 2011). (No. 07-10-0408-CR).

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2010). (No. 07-10-0409-CR).

possession of a controlled substance, morphine, of less than one gram.[4]  After receiving the pre-sentence investigation (PSI), the trial court assessed appellant's punishment at two years in a State Jail Facility on the theft and possession of morphine charges.  At the same time, appellant was assessed a term of confinement of six years in the Institutional Division of the Texas Department of Criminal Justice on the possession of oxycodone charge.   All terms of confinement were ordered to run concurrently. Appellant has perfected his appeal contending that the trial court abused its discretion by assessing a disproportionate punishment under the Eighth Amendment to the United States Constitution.  We affirm.

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to sustain his pleas of guilty.   Neither does appellant contest the procedural aspects of his plea of guilty without benefit of a plea bargain.  The record reflects that appellant entered his pleas of guilty to each of the indicted offenses on June 9, 2010.  At the conclusion of the pleas, the trial court ordered a PSI prepared.  Subsequently, on the 27th of August, 2010, the trial court conducted a punishment hearing.  The only evidence received at that hearing was the PSI.  After receiving the PSI, the trial court assessed appellant's punishment as set forth above.  A motion for new trial was filed by appellant that contained only one allegation, "[T]hat the verdict is contrary to the law and the evidence which was presented in these cases."   Appellant now contends that the punishment set forth

---

[3] See TEX. PENAL CODE ANN. § 12.42(a)(3) (West 2011).

[4] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b). (No. 07-10-0410-CR).

2

violates his due process rights under the United States Constitution.  <u>See</u> U.S. CONST. amend VIII.  We disagree and will affirm the trial court's judgment.

## Preservation of Error

Before we can begin any analysis, we must determine if appellant's complaint has been preserved for appellate review.  <u>See</u> TEX. R. APP. P. 33.1(a)(1).[5]  Appellant couches his argument in terms of a due process violation.  However, the Texas Court of Criminal Appeals has ruled that allegations of due process violations are subject to the requirement of preservation by an objection or motion filed with the trial court.  <u>See</u> <u>Anderson v. State</u>, 301 S.W.3d 276, 279-80 (Tex.Crim.App. 2009).  Our review of the record reveals that appellant lodged no objection to the trial court's sentences at the time of the punishment hearing.  Further, the subsequently filed motion for new trial contains no reference to appellant's due process argument.  A fair reading of the motion for new trial does not lead us to the conclusion that appellant's current argument was apparent from the context of the motion.  Rule 33.1(a)(1).  Accordingly, appellant's issue has not been preserved for review and is therefore waived.  <u>Anderson</u>, 301 S.W.3d 279-80.  Appellant's sole issue is overruled.

---

[5] Further reference to the Texas Rules of Appellate Procedure will be by reference to "Rule ___."

## Conclusion

Having overruled appellant's only issue, the judgments of the trial court are affirmed.

Mackey K. Hancock
Justice

Do not publish.