Opinion issued December 1, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00149-CR

———————————

Lorie Jeane Patterson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Court at Law 

Austin County, Texas



Trial Court Case No. 09-CR-28571

 



 

MEMORANDUM OPINION

          A
jury convicted Lorie Patterson of misdemeanor assault.  The trial court sentenced Patterson to ninety
days’ confinement in the county jail, probated for eighteen months.  Patterson appeals, contending that the trial
court abused its discretion in denying her unsworn oral motion for
continuance.  We affirm.  

Background

After a scuffle at a housewarming
party, the State charged Patterson with misdemeanor assault.  The trial court initially set her trial for
July 2010.  The State filed a sworn motion
for continuance.  The trial court reset
the date for August 2010, but did not reach the case on its docket.  The case was then set for September
2010.  In September 2010, Patterson filed
a sworn motion for continuance.  The
trial court again reset Patterson’s trial, setting the new trial date in
November 2010.  

In November, on the day of trial,
Patterson orally moved for a continuance, contending that the Sheriff’s
Department had made no attempt to serve subpoenas for two defense
witnesses.  The trial court denied
Patterson’s motion, commenting that the court previously had granted
continuances for both sides and venirepersons were waiting in the courtroom for
trial to begin.  

Discussion

The Texas Code of Criminal
Procedure provides that “[a] criminal action may be continued on the written
motion of the State or of the defendant, upon sufficient cause shown; which
cause shall be fully set forth in the motion.”  Tex.
Code Crim. Proc. Ann. art. 29.03 (West 2006).  Article 29.08 further provides that “[a]ll
motions for continuance must be sworn to by a person having personal knowledge
of the facts relied on for the continuance.” 
Tex. Code Crim. Proc. Ann. art.
29.08.  To preserve error from a ruling
denying a motion for continuance, a defendant must comply with these statutory
requirements.  Anderson v. State, 301 S.W.3d 276, 278–81 (Tex. Crim. App.
2009).  A motion for continuance that is
neither in writing nor sworn presents nothing for review.  Id.;
Montoya v. State, 810 S.W.2d 160, 176
(Tex. Crim. App. 1989) (en banc). 
Patterson’s motion is neither in writing nor verified, and therefore
presents nothing for review.  Accordingly,
we hold that Patterson waived her sole issue on appeal.

Conclusion

          We
hold that Patterson failed to preserve her claim that the trial court erred in
denying her motion for a continuance, because her motion in the trial court was
neither sworn nor written.  We therefore
affirm the judgment of the trial court. 

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).