

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00115-CR

**STEPHANY PAUL JONES,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-877-C2**

## MEMORANDUM OPINION

Stephany Paul Jones was convicted of two counts of aggravated robbery and sentenced to 30 years in prison in each count. TEX. PENAL CODE ANN. § 29.03 (West 2011). Because Jones did not preserve his issue for review on appeal, we affirm the trial court's judgment.

In his sole issue, Jones contends fundamental error occurred when Jones's trial counsel "was thwarted from presenting the defensive theory of mistaken identification."

On cross-examination of the State's primary witness, Jones's trial counsel presented the witness with two photographs and was asked if she recognized the man in those photographs. The State asked to view the photos and then asked for the matter to be taken up outside the presence of the jury. Once the jury was recessed, the State objected to the admission of the photos because it contended they were irrelevant, were not authenticated, and contained hearsay. Jones's counsel informed the trial court that the photos had not been offered but that the witness was only asked if she could recognize the person in the photos.

The trial court allowed the witness to answer the question proffered. She stated that the face looked familiar, but she could not say who the person was. The State re-urged its objections, to which Jones's counsel replied that she was only asking if the witness could identify the pictures. When asked by the trial court if that was all counsel was going to ask, counsel replied yes. The court then asked the State if it had an objection to that question. The State replied that it did because if the witness could not identify the person in the photos, there was no relevance in showing the witness the photos in front of the jury. The State suspected that there would be an insinuation that this person in the photos actually committed the robbery. Jones's counsel agreed with the State that if the witness could not identify the person, then counsel could not ask the witness whether the person in the photos participated in the robbery.

The trial court then asked Jones's counsel if she wanted to ask the question in front of the jury. Counsel replied, "I wanted to ask the question that's been asked. I don't have to ask the question – if they don't want me to, I will not…I'm fine with that…I've got my answer…."

On appeal, Jones admits that the trial court did not rule on the propriety of the question to be asked and that to preserve error, Jones was required to obtain a ruling. *See* TEX. R. APP. P. 33.1(a)(2). He argues, however, that he did not need to preserve error because his trial counsel was "intimidated" into withdrawing the question and was thus prevented from presenting a defense.

We have read the record excerpt of the proffer and exchange by the parties and the court outside the presence of the jury and find no intimidation present. Counsel wanted to know what the witness would say and received her answer. She agreed that because the witness could not identify the person in the photos, she would not be able to ask whether the person participated in the robbery. Further, the failure to preserve error forfeits complaints on appeal about the admissibility or exclusion of evidence even though the error may concern a defendant's constitutional right such as the right to present a defense. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002); *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Because error was not preserved, Jones has forfeited

his right to complain on appeal. *See Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App.

2005) (the party who complains on appeal has the responsibility to preserve error).

His sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 29, 2014
Do not publish
[CRPM]