# NO. 12-17-00041-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY JERMAINE JONES,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jeremy Jermaine Jones appeals his conviction for manufacture/delivery of a controlled substance, enhanced. In a single issue, Appellant challenges the denial of his motion for continuance. We affirm.

### BACKGROUND

On April 2, 2016, Appellant was the front seat passenger in a vehicle located at the Pit Grill in Anderson County. Sergeant Matthew Kerr of the Palestine Police Department had been dispatched to the Pit Grill parking lot after police received an anonymous call from a person who suspected a drug dealer to be selling illegal drugs in the parking lot. Upon arriving at the parking lot, Kerr observed the suspect walking away from the vehicle in which Appellant was a passenger. After speaking with the suspect, Kerr approached Appellant. Appellant admitted that he was the front seat passenger in the vehicle and allowed Kerr to search his person. Kerr did not find any contraband on Appellant's person. Nor did the vehicle's owner consent to a search of the vehicle.

Kerr dispatched his dog, Blue, to conduct an open-air search of the vehicle. Blue alerted on both the driver's side door and the passenger side door seam. Kerr and Corporal Ricky Baker, also with the Palestine Police Department, then searched the vehicle. The officers

recovered a white bag on the passenger floorboard. The bag contained a pair of socks, mail addressed to Appellant, a glass pipe commonly used for smoking methamphetamine, a substance the officers believed to be methamphetamine, and a digital scale. During the course of the search, the officers also found small bags commonly used to package narcotics for distribution. According to a field test conducted by Kerr, the substance found in the white bag inside the vehicle tested positive for methamphetamine. The Texas Department of Public Safety Crime Lab later confirmed the substance to be methamphetamine. Appellant was arrested following the search.

Appellant subsequently requested a court-appointed attorney, and the court granted the request. In August 2016, Appellant was charged by indictment with manufacture or delivery of a controlled substance in an amount of one gram or more but less than four grams. The case was set to begin trial in January 2017.

On Monday, January 9, 2017, the case was called for jury selection. At an in-chambers discussion, Appellant's appointed attorney informed the court that Appellant refused to communicate with him and had attempted to hire new counsel the previous Friday. Although Appellant claimed to have only seen his trial counsel once, counsel stated that he visited the jail several times and Appellant refused to cooperate. Appellant's purported new attorney also appeared before the trial court and explained that his firm had not yet been retained, although Appellant's family had provided funds for representation. The record indicates that the trial court construed the in-chambers discussion as an oral motion for continuance to allow Appellant's new attorney time to review the case before trial. The trial court overruled the oral motion for continuance.

Appellant subsequently pleaded "not guilty" to manufacture/delivery of a controlled substance. After hearing all of the evidence, however, the jury found Appellant "guilty." Following a hearing on punishment and Appellant's pleading "true" to an enhancement allegation, the jury assessed punishment at imprisonment for forty years. This appeal followed.

**MOTION FOR CONTINUANCE**

In his sole issue, Appellant argues the trial court abused its discretion when it denied his motion for continuance. He contends that the denial prevented him from proceeding to trial with his attorney of choice.

2

The Texas Legislature set forth the requirements for a motion for continuance in Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure. *Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009). Article 29.03 states that "[a] criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006); *Anderson*, 301 S.W.3d at 279. Article 29.08 provides that "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006); *Anderson*, 301 S.W.3d at 279.

The court of criminal appeals has construed these statutes to require a sworn written motion to preserve appellate review from a trial court's denial of a motion for continuance. *See Anderson*, 301 S.W.3d at 279. Thus, if a party makes an unsworn oral motion for a continuance and the trial court denies it, the party forfeits the right to complain about the trial court's ruling on appeal. *See id.* (the appellant's right to meaningful opportunity to present complete defense was forfeited by failure to comply with procedural requirements of Articles 29.03 and 29.08); *Dudley v. State*, No. 12-11-00046-CR, 2012 WL 690069, at *2 (Tex. App.—Tyler Feb. 29, 2012, no pet.) (mem. op., not designated for publication).

In the case at hand, there is no record of a motion for continuance in compliance with Articles 29.03 and 29.08. As a result, we conclude that Appellant forfeited his appellate challenge to the trial court's denial of his unsworn oral request for continuance. *See Dudley*, 2012 WL 690069, at *2.

However, even if Appellant had preserved this issue, the granting or denying of a motion for continuance is within the sound discretion of the trial court. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). To establish reversible error on the denial of a pretrial motion for continuance, Appellant must show that the trial court erred in denying his motion for continuance and that, as a result, he suffered actual harm. *Gonzalez v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

On appeal, Appellant argues only that the denial of his motion for continuance prevented him from being represented by his counsel of choice and that the new counsel may have called witnesses that his appointed trial counsel did not. However, Appellant has not identified for this court who the potential witnesses might be, what evidence they would have presented, or how

that evidence or testimony would have affected the outcome of his trial. *See Renteria*, 206 S.W.3d at 702; *see also Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995) (bare assertion that counsel did not have adequate time to interview the State's potential witnesses does not alone establish prejudice); *Prince v. State*, No. 01–13–00269–CR, 2015 WL 5025902, at *5 (Tex. App.–Houston [1st Dist.] Aug. 25, 2015, no pet) (mem. op., not designated for publication) (appellant did not demonstrate harm when he argued he needed a continuance to further review recorded telephone conversations for impeachment purposes, but did not identify nature of the impeachment evidence). The law requires more than speculation to justify an appellate reversal of a case for a trial court's failure to grant a continuance. *Renteria*, 206 S.W.3d at 702. Accordingly, Appellant has not established with considerable specificity any harm resulting from the trial court's denial of his motion for continuance. *See Humaran v. State*, 478 S.W.3d 887, 902 (Tex. App.–Houston [14th Dist.] 2015, pet ref'd); *see also Gonzalez*, 304 S.W.3d at 842. Thus, even had Appellant preserved his complaint for our review, his failure to carry the burden of showing actual harm obviates any need to determine whether the trial court erred in denying the motion for continuance. *See Gonzalez*, 304 S.W.3d at 843; *see also Renteria*, 206 S.W.3d at 702; *Humaran*, 478 S.W.3d at 902; *Johnson v. State*, No. 12-16-00218-CR, 2017 WL 3225071, at *5 (Tex. App.—Tyler July 31, 2017, pet. ref'd) (mem. op., not designated for publication); TEX. R. APP. P. 47.2. Under these circumstances, Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 7, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 7, 2018**

**NO. 12-17-00041-CR**

**JEREMY JERMAINE JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-16-32899)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*