

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00066-CR

---

LAMARLON TREMONE THOMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR16-309

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Lamarlon Tremone Thompson shot and killed his sleeping father, Floyd, with a shotgun, he dumped the body in a forty-foot well. Thompson later confessed to killing Floyd and pled guilty to murder.[1] After a jury trial on punishment, Thompson was assessed punishment of ninety-nine years' imprisonment.

On appeal, Thompson complains that the trial court erred in denying his pretrial, written but unsworn, motion for continuance. Because an unsworn motion for continuance does not preserve any error in its denial, we will affirm the trial court's judgment.

Thompson was indicted for murder on December 6, 2016. Three days later, Thompson's attorney entered his appearance. Over the next nine months, the case was passed by agreement numerous times. When the case was called for trial September 9, 2017, it was apparently passed again when Thompson announced that he was not ready for trial. The case was called again in October and November 2017, and although both Thompson and the State announced ready, it was apparently not reached. On December 13, 2017, the case was set for trial in January 2018. When the case was called for trial January 9, 2018, Thompson again announced that he was not ready, and the case was passed and set for trial to begin February 20, 2018.

On February 5, 2018, Thompson filed an unsworn motion for continuance pursuant to Article 29.01(3) of the Texas Code of Criminal Procedure[2] and asserted that his attorney was set

---

[1]*See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011).

[2]*See* TEX. CODE CRIM. PROC. ANN. art. 29.01(3) (West 2006) (providing for continuance by operation of law if "[t]here is not sufficient time for trial at that term of court").

for jury trial in another district court on February 12, 2018, and that he was preferentially set for jury trial in a United States District Court on February 26, 2018. He also alleged that requiring him to go to trial February 20, 2018, would severely limit the complete presentation of his case-in-chief, which would deny him the right to a fair trial in violation of the Fifth and Sixth Amendments to the United States Constitution, and Article I, Section 10, of the Texas Constitution. Thompson's motion was heard on February 8, 2018, and denied.[3]

On appeal, Thompson argues that the trial court erred because he was entitled to a continuance as a matter of law. He contends that the "sufficient time for trial" language contained in Article 29.01(3) of the Texas Code of Criminal Procedure includes the required preparation time an attorney needs for trial. He argues that an attorney would not have sufficient time for trial preparation as a result of jury trials scheduled the week before, and the week after, the scheduled trial.[4]

Motions for continuance in criminal proceedings must be in writing and set forth sufficient cause for the continuance. TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006). In addition, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006). A motion for continuance that is not sworn preserves nothing for appellate review. *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex.

---

[3]Although no signed order denying the motion for continuance appears in the record, the parties agree, and the trial court's docket sheet indicates, that the trial court denied the motion.

[4]Significantly, Thompson does not argue that his trial counsel did not, in fact, have sufficient time to prepare for trial, nor is there any evidence that his counsel was not able to interview witnesses or unable to complete his trial preparation.

Crim. App. 1999); *Lowrey v. State*, 469 S.W.3d 318, 327 (Tex. App.—Texarkana 2015, pet. ref'd).

Even though Thompson's motion for continuance was in writing, it was not sworn to. For that

reason, his complaint was not preserved for our review.[5] *See Lowrey*, 469 S.W.3d at 327.

For the reasons stated, we affirm the trial court's judgment.

Josh R. Morriss III
Chief Justice

Date Submitted:     October 1, 2018
Date Decided:       October 5, 2018

Do Not Publish

---

[5]Further, we presume the regularity of trial court proceedings. *Amador v. State*, 221 S.W.3d 666, 679 (Tex. Crim. App. 2007). This requires the appellant to bring forth a record that shows reversible error. *Id.* This burden is not met when relevant portions of the trial court proceedings are omitted from the record. *Id.* By omitting the transcript of the hearing on his motion for continuance, Thompson did not overcome the presumption that any evidence presented at the hearing supported the trial court's denial of his motion for continuance. *Id.*