

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00278-CR

_____

LEVI STUART NICHOLS AKA LEVI STUART NICHOLAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 074,586-E, Honorable Douglas R. Woodburn, Presiding

January 10, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Levi Stuart Nichols, appeals the trial court's judgment by which he was convicted of possession of a controlled substance. His three issues concern the trial court's decision to deny 1) his motion to suppress evidence and 2) the disclosure of information regarding the confidential informant and the substance of his information. We affirm.

*Background*

While conducting a drug investigation, officers had appellant under surveillance as he drove a vehicle. Officer Kyle Hawley observed appellant fail to signal a lane change. The officer then alerted other nearby officers of the violation, one of which officers effectuated a stop of appellant. The latter was then immediately placed under arrest, per prior approval of a supervising officer. Appellant being the vehicle's only occupant, the police immediately impounded the vehicle and immediately conducted an inventory search of it. The inventory resulted in the discovery of marijuana, methamphetamine, and digital scales, apparently in the trunk of the vehicle. Appellant acknowledged that he possessed the drugs.

Appellant was charged with possession of a controlled substance and moved to suppress the drugs and drug paraphernalia found in the vehicle. Prior to the hearing on the motion to suppress, the State submitted to the trial court a report that officers had received information from a confidential informant regarding appellant's drug trafficking activities, information which prompted the officers to place appellant under surveillance which, in turn, ultimately led to the traffic stop, arrest, and inventory.

At opening of the suppression hearing held the day before trial, the trial court announced that the report would be made part of the record but would remain sealed to protect the identity of the confidential informant, effectively denying appellant access to the information contained therein. Appellant objected and unsuccessfully sought access to the report.

The hearing continued, moving on to the issue of suppression. The State presented evidence that appellant had been under surveillance, committed a traffic

violation other than speeding, and was placed under arrest in accordance with approval garnered before the surveillance began.

APD officers testified that the inventory of the vehicle appellant was driving was conducted according to APD policy's procedures. Ultimately, the trial court denied appellant's motion to suppress evidence seized during the inventory of the vehicle.

*Issue One – Vehicle Inventory*

Through his first issue, appellant contends that the trial court abused its discretion by denying his motion to suppress. He contends that the State failed to establish that the APD officers were conducting a proper vehicle inventory that was in compliance with department guideline and procedures. More specifically, he maintains that the State failed to produce evidence that would establish the APD policy on vehicle inventories. Therefore, he maintains, the State failed to establish the applicable exception to the Fourth Amendment's warrant requirement.

Our analysis begins with the observation that the standard of review is abused discretion. It obligates us to view the evidence in the light most favorable to the trial court's ruling, afford almost complete deference to a trial court's express or implied findings of historical fact, and consider de novo the application of the law to those facts. *Marcopoulos v. State*, 538 S.W.3d 596, 600 (Tex. Crim. App. 2017). Furthermore, when the record says nothing about the reasons for the trial judge's ruling or there are no explicit fact findings on a particular point and no one requested findings of fact, we imply findings necessary to support the trial court's ruling if supported by the evidence. *Olivares v. State*, No. 07-17-00372-CR, 2019 Tex. App. LEXIS 494, at *5 (Tex. App—Amarillo Jan. 25, 2019, no pet.) (mem. op., not designated for publication).

Next, "[t]he Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Davis v. United States*, 564 U.S. 229, 236, 131 S. Ct. 2419, 180 L. Ed. 2d 285 (2011) (quoting U.S. CONST. amend. IV). "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 356, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)).

One of those established and well-delineated exceptions is the inventory of a lawfully seized vehicle. *Colorado v. Bertine,* 479 U.S. 367, 371, 107 S. Ct. 738, 93 L. Ed. 2d 739 (1987). However, an inventory must be conducted pursuant to standardized criteria or established routine. *Camp v. State*, No. 07-11-00481-CR, 2013 Tex. App. LEXIS 15352, at *6 (Tex. App.—Amarillo Dec. 19, 2013, pet. ref'd) (mem. op., not designated for publication). The general legality of an inventory search does not turn on whether the inventory policy is written. *State v. Molder,* 337 S.W.3d 403, 410 n.7 (Tex. App.—Fort Worth 2011, no pet.) (citing *United States v. Skillern,* 947 F.2d 1268, 1275 (5th Cir. 1991)); *see Richards v. State,* 150 S.W.3d 762, 771 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

Standardized criteria or established routine must limit police discretion as to 1) whether to search the vehicle and 2) the scope of an inventory, especially with regard to dealing with closed containers. *Camp*, 2013 Tex. App. LEXIS 15352, at *6 (citing *Bertine,* 479 U.S. at 375–76, 374 & n.6). Consistent with the Fourth Amendment, police may open

4

closed containers as part of the inventory of an automobile, as long as they do so according to standard police procedures and as long as they do not act in bad faith or for the sole purpose of investigation. *See Florida v. Wells*, 495 U.S. 1, 4, 110 S. Ct. 1632, 109 L. Ed. 2d 1 (1990); *Bertine*, 479 U.S. at 369 (search of closed backpack found in vehicle). The Court in *Wells* elaborated:

> Our view that standardized criteria . . . or established routine . . . must regulate the opening of containers found during inventory searches is based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence. The policy or practice governing inventory searches should be designed to produce an inventory. The individual police officer must not be allowed so much latitude that inventory searches are turned into "a purposeful and general means of discovering evidence of crime[.]"

*Wells*, 495 U.S. at 4 (citations omitted).

Relying heavily on this Court's opinion in *Camp,* 2013 Tex. App. LEXIS 15352, appellant maintains that, if the APD had an inventory policy concerning closed containers, said policy is not demonstrated by the record. We disagree and distinguish the case at bar from the facts presented to this Court in *Camp*. In *Camp*, we observed that inventorying officers gave uncertain and contradictory testimony and struggled to express a department policy or criteria for opening closed containers. *Id.* at *10. We concluded the "[the APD] may have had in place a policy or standardized criteria to guide an officer's decision whether to open . . . a closed container when inventorying a vehicle's contents, but this record does not tell us so." *Id.* at *12.

Here, unlike in *Camp*, the record contains sufficient evidence for the trial court to have implicitly found the department's inventory policy permitted officers to open any closed but unlocked containers, the vehicle's trunk being one of them and the backpack being another. Officer Nick Burns participated in the inventory of the vehicle and testified

about the department's policy. He explained that the department will typically decide to impound the car if there was only one occupant and that occupant was arrested. The department will call to have it towed, but before towing, an officer will conduct an inventory to protect against claims of theft or damage. The inventory consists of searching all places accessible to the public unless they are locked and the key is unavailable. Those areas include the front and back seat and trunk of the vehicle and closed containers. Items found are then noted.

No officer specified that the aforementioned areas are those expressly mentioned in the department's policy. Nonetheless, other testimony indicated the inventory at bar conformed with that policy. For instance, when specifically asked whether officers conducting the inventory followed proper procedures per APD policy, Corporal Anthony Kennedy, who directly participated in the inventory, answered in the affirmative. *See Johnson v. State,* No. 07-11-00186-CR, 2013 Tex. App. LEXIS 6268, at \*2, \*8–9 (Tex. App.—Amarillo May 21, 2013, no pet.) (mem. op, not designated for publication) (affirming denial of motion to suppress in case where inventorying officer opened vehicle console and discovered contraband; no written department inventory policy was put in evidence, but an officer testified that his inventory, including opening the console compartment, was according to department regulations). Given that the trial court denied the motion to suppress, we must imply that the trial court found the testimony of Burns and Kennedy, when combined, meant that department policy allowed inventorying the seats, trunk, and other unlocked areas accessible to the public, including closed, unlocked containers.

6

The record before us demonstrates that the APD policy concerning inventory of impounded vehicles permits officers to look into closed but still accessible containers during the inventory process. Officers explained that accessibility is the key consideration and provided illustrations to delineate between locked-and-inaccessible locations and closed-but-accessible locations. The record suggests that, when officers accessed the trunk by way of an accessible release while they were in the passenger compartment and then found a backpack in the trunk, the backpack, too, was accessible and subject to inventory. Upon inventorying it, they found the contraband in question. From the foregoing, the trial court could have concluded that the inventory constituted a reasonable exception to the Fourth Amendment's warrant requirement and did not violate appellant's constitutional rights.[1] We overrule appellant's first issue.

*Issues Two and Three – Access to Information Regarding Confidential Informant*

Appellant complains in his second issue that the trial court's refusal to permit him access to the State's report containing the information from and identity of the confidential informant denied him his rights to due process. From that contention springs his third issue in which he maintains the trial court's decision to withhold the information also served to deny him his constitutional right to effective assistance of counsel. We overrule the issues since they were not preserved for review.

---

[1] The minimal time between the stop, arrest, and commencement of the inventory here could raise suspicions. Indeed, the record illustrates that the officers obtained prior permission to arrest appellant for a traffic violation before he committed any such violation. That over ten officers were on scene at the time of the inventory adds to the notion that the overall plan may have been to arrest appellant, who an informant indicated may possess contraband, for the sole purpose of searching the vehicle for that contraband. Yet, that was not what appellant argued below or here. Nor did he request the court to issue fact findings on whether the totality of the circumstances evinced an intent on the part of the police to conduct a pretextual inventory search. And, because we must imply findings to support the trial court's decision, we must imply that the trial court interpreted the evidence as indicating the officers acted without pretextual intent.

A claim of denied due process may be waived on appeal if not raised at trial. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009). The same is true of complaints about a trial court's decision denying the defendant the effective assistance of counsel. *See Murray v. State*, 24 S.W.3d 881, 890 & n.3 (Tex. App.—Waco 2000, pet. ref'd). Neither of the complaints now urged by appellant was asserted below. Thus, they were waived.

We affirm the trial court's judgment.

Per Curiam

Do not publish.