

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00223-CR

**MICHAEL JOSEPH ALVARADO,**

$\qquad$ **Appellant**

 **v.**

**THE STATE OF TEXAS,**

$\qquad$ **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2014-389-C1

## MEMORANDUM OPINION

Michael Joseph Alvarado appeals from a judgment of conviction for the offense of aggravated assault on a public servant. TEX. PENAL CODE ANN. § 22.02. Alvarado complains that the trial court abused its discretion by denying his motion for continuance and that his due process right to an impartial judge was violated because of comments the trial court made to Alvarado's attorneys during the trial in the presence of the jury. Because we find no reversible error, we affirm the judgment of the trial court.

## MOTION FOR CONTINUANCE

In his first issue, Alvarado complains that the trial court abused its discretion by denying his written motion for continuance filed shortly before the trial. Motions for continuance in criminal proceedings must be in writing and set forth sufficient cause for the continuance. TEX. CODE CRIM. PROC. ANN. art. 29.03. Additionally, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id*. art. 29.08. A motion for continuance that is not sworn preserves nothing for appellate review. *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). Alvarado's motion, while written, is not sworn, and therefore did not preserve this alleged error. We overrule issue one.

## IMPARTIAL JUDGE

In his second issue, Alvarado complains that his due process right to an impartial judge was violated due to 12 comments made by the trial court to his two attorneys during the guilt-innocence phase and 1 comment made during the punishment phase of the four-day trial. Alvarado complains that the comments were improper and were insulting and demeaning to his trial counsel, which showed that the trial court was not fair and impartial. Three of the complained-of comments occurred during voir dire, when the trial court interrupted counsel's explanations to the jury to explain legal terms or to clarify questions or comments made by counsel. The other nine occurred at various

times during the evidentiary portion of the guilt-innocence phase of the trial, and the last during questioning of a witness during the punishment phase of the trial.

A trial judge's comments must not be made in a manner that conveys his opinion of the case to the jury as "[j]urors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved." *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003) (internal citations omitted). The most common complaint regarding the impartiality of the trial court involves improper comments on the weight of the evidence by a trial judge, which occurs if the trial judge makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Simon v. State*, 203 S.W.3d 581, 590 (Tex. App.—Houston [14th Dist.] 2006, no pet.). However, "a trial judge's irritation at the defense attorney does not translate to an indication as to the judge's views about the defendant's guilt or innocence. . . . A trial judge has broad discretion in maintaining control and expediting the trial." *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).

Alvarado does not argue in his brief that the trial court's comments constituted a statutory violation of Article 38.05 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.05. Article 38.05 requires a trial court not to "comment on the weight of the evidence" or make "any remark calculated to convey to the jury his opinion of the

case." His arguments are limited to a Constitutional due process violation of his right to an impartial judge. *See Arizona v. Fulminante*, 499 U.S. 279, 309 (1991).

While some of the comments by the trial court may have been inartfully expressed or showed the trial court's irritation with defense counsel, we do not find that any of the comments, taken individually or as a whole, rise to the level of a due process violation such that Alvarado was denied a fair trial by an impartial judge. Because we find that Alvarado was not denied his right to an impartial judge, we overrule issue two.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed March 11, 2020
Do not publish
[CRPM]

