

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00296-CR

**STEVEN ROLAN,**

                                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                  **Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. DC-F201900770

---

## MEMORANDUM OPINION

---

Steven Rolan was convicted of three counts of Indecency with a Child—Sexual Contact and sentenced to 20 years in prison in Counts One and Three and 15 years in prison in Count Two. Because Rolan's complaints on appeal are not preserved, the trial court's judgments are affirmed.

### ARTICLE 38.072 NOTICE

In his first issue, Rolan complains the trial court abused its discretion in admitting outcry testimony pursuant to article 38.072(b) of the Texas Code of Criminal Procedure because the State failed to give the "statutorily required notice" prior to the beginning of

trial. Specifically, Rolan complains that because no notice was given, the trial court's ruling allowing the admission of the outcry testimony violated Rolan's right to due process.

Many constitutional rights, including due process, may be forfeited for purposes of appellate review unless properly preserved. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that appellant failed to preserve his claim that he was denied the right to present a defense and the right to due process and due course of law because he did not make that objection at trial). To preserve an issue for appellate review, a party must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a). Rolan did not object on the basis of a due process violation. He only complained at the conclusion of the article 38.072 hearing that he did not receive notice. This was not sufficiently specific enough to make the trial court aware of his complaint. Accordingly, Rolan's complaint on appeal is not preserved, s*ee id.*, and his first issue is overruled.

**DISPROPORTIONATE SENTENCE**

In his second issue, Roland complains the trial court erred in cumulating Rolan's sentences because the cumulation order resulted in a disproportionate sentence which amounted to cruel and unusual punishment.

A disproportionate-sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)

(noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

At the punishment hearing, Rolan did not assert a disproportionate-sentence claim. After the jury's verdict on punishment, the trial court announced that it was going to take up the State's motion to cumulate before sentencing Rolan. Rolan's only response was that Rolan had not had any prior convictions and would request a denial of the State's motion. Further, Rolan did not raise a disproportionate-sentence claim in his motion for new trial or otherwise present a post-trial objection to the imposed sentence. Accordingly, Rolan's complaint on appeal is not preserved, *see* TEX. R. APP. P. 33.1(a)(1), and his second issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgments.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Smith
Affirmed
Opinion delivered and filed June 13, 2024
Do not publish
[CRPM]



Rolan v. State                         Page 3