

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00315-CR

DANIEL HANS JUGEN ZIEGLER                                              APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1351981D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Daniel Hans Jugen Ziegler appeals the fifteen-year sentence the trial court imposed after revoking his deferred adjudication community supervision and adjudicating his guilt of burglary of a habitation. In two points, Appellant argues that the trial court abused its discretion and denied him due process by failing to consider the entire range of punishment because the State

---

[1]*See* Tex. R. App. P. 47.4.

and the trial court emphasized his German citizenship. Because Appellant has forfeited his complaints, we affirm the trial court's judgment.

**Preservation of Complaints**

The Texas Court of Criminal Appeals has held that allegations of due process violations are subject to the requirement of preservation by an objection or motion filed with the trial court.[2] Article 42.07 of the code of criminal procedure requires that before pronouncing sentence, the trial court inquire of the defendant whether there is any reason sentence should not be pronounced.[3] The trial court did not comply with this requirement, which would have given Appellant the opportunity to raise his complaint of an excessive sentence as well as his due process complaint, despite its omission by the legislature as a ground to prevent pronouncement of sentence.[4]

Normally, once sentence is pronounced, the trial is over.[5] In the case now before this court, however, after pronouncing sentence, the trial judge inquired whether Appellant understood his sentence. Then the trial court inquired whether Appellant understood his limited right to appeal. Appellant thus had

---

[2]*Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009).

[3]Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

[4]*See id.*

[5]*See Cook v. State*, 390 S.W.3d 363, 372 (Tex. Crim. App. 2013).

ample opportunity to preserve his complaints but failed to do so.[6]  Nor did he

raise these complaints in his motion for new trial.[7]

Because Appellant failed to preserve his complaints raised on appeal, we

affirm the trial court's judgment.


/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 2, 2015

---

[6]*See Burt v. State*, 396 S.W.3d 574, 577–78 (Tex. Crim. App. 2013) ("The requirement that an objection be raised in the trial court assumes that the appellant had the opportunity to raise it there.  . . . [I]f an appellant never had the opportunity to object, then he has not forfeited error.").

[7]*See Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).