

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00791-CR

Margaret L. **KNOBLAUCH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR10598
Honorable Lori I. Valenzuela, Judge Presiding[1]

Opinion by:  Irene Rios, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: March 13, 2019

AFFIRMED

Margaret Knoblauch appeals her conviction for the offense of intoxication manslaughter. In three issues, Knoblauch contends the trial court erred by denying her motion for continuance, thereby denying her due process and the opportunity to present a complete defense and rendering her trial counsel ineffective. We affirm.

---

[1] On September 20, 2016, the Honorable Ron Rangel signed an order of voluntary recusal, and the same day, the underlying cause transferred from the 379th to the 437th District Court. The Honorable Ron Rangel presided over the hearing on Knoblauch's motion for continuance.

### BACKGROUND

On August 15, 2016, the day Knoblauch's case was set for trial, Knoblauch filed a written but unsworn motion for continuance. Knoblauch requested a continuance of thirty days, arguing good cause existed for the continuance because the State recently disclosed the following:

- "Brady material regarding [Bexar County Sheriff's Office] Deputy M. Rodriguez regarding an incident … for which he was sanctioned for false information in records, among other things."

- "[A]n unknown person interfered in the crime scene in an attempt to render aid by attaching a chain to the vehicle door most proximate to the decedent in an attempt to open it and damaged said door."

- "[P]unishment evidence related to alleged prior bad acts … ."

Knoblauch asserted she needed time to investigate, obtain and interview witnesses, prepare for the cross-examination of Deputy Rodriguez, and seek expert advice regarding whether the interference with the crime scene could be an intervening cause of the decedent's death. The trial court denied Knoblauch's requested continuance, but told defense counsel, "If you're progressing through the trial and if there's something that you feel that you need some time on to develop something, then you let the Court know and we'll take that up."

Knoblauch subsequently entered a guilty plea, which the trial court accepted. Following a contested punishment hearing, the trial court assessed punishment at nine years' imprisonment and imposed a $2,000 fine. This appeal followed.

### ANALYSIS

The trial court's denial of Knoblauch's motion for continuance forms the basis of the three issues Knoblauch raises on appeal. Knoblauch contends the trial court's erroneous denial of her motion for continuance resulted in the denial of due process, as well as the denial of the meaningful

opportunity to present a complete defense, and rendered trial counsel ineffective. The State counters that these issues are not properly preserved.

"We review a trial court's ruling on a motion for continuance for [an] abuse of discretion." *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). To establish an abuse of discretion, an appellant must show that she was actually prejudiced by the denial of her motion for continuance. *Id*. Generally, we will conclude that a trial court's denial of a motion for continuance was an abuse of discretion "only if the record shows with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had." *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010) (internal citation omitted). In determining whether the denial of a motion for continuance is so arbitrary that it violates due process, we look at the individual circumstances of each case, especially the reasons presented to the trial judge at the moment the motion was denied. *Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992). An appellant "must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance harmed him." *Gonzalez*, 304 S.W.3d at 843.

However, before we address the merits of Knoblauch's appeal, we must determine whether she properly preserved her underlying complaint regarding the denial of her motion for continuance. Motions for continuance in criminal proceedings must be in writing and set forth sufficient cause for the continuance. TEX. CODE CRIM. PROC. ANN. art. 29.03. Additionally, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id*. art. 29.08. A motion for continuance that is not sworn preserves nothing for appellate review. *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); *Cruz v. State*, ___ S.W.3d ___, 2018 WL 5268893, at *2 (Tex. App.—San Antonio 2018, no pet.).

Knoblauch acknowledges her motion for continuance, although in writing, was not sworn to. However, Knoblauch argues that the statutory requirements of a written, sworn statement were

met when "counsel, without objection, proffered evidence during the hearing as an officer of the court and made an *ex parte* record." As noted above, however, the Texas Code of Criminal Procedure specifically requires that a motion for continuance be sworn to. TEX. CODE CRIM. PROC. ANN. art. 29.08. Additionally, in interpreting article 29.08, the Court of Criminal Appeals specifically held that "a sworn written motion" is required to preserve error for appellate review. *Anderson*, 301 S.W.3d at 279. Knoblauch has cited no authority, nor have we found any, holding that the requirements of article 29.08 are satisfied by the proffer of evidence and creation of an *ex parte* record.

Accordingly, we conclude Knoblauch did not preserve for our review her complaint regarding the trial court's denial of her motion for continuance. *See Woodman v. State*, 491 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding defendant's motion for continuance presented nothing for review when "no verification or affidavit" was attached to the written motion).

Issues one, two, and three are overruled.

CONCLUSION

For the above reasons, we affirm the judgment of the trial court.

Irene Rios, Justice

DO NOT PUBLISH