**AFFIRMED as MODIFIED and Opinion Filed April 16, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00181-CR

**HENRY DYLAN DAVIDSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1770957-V**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

A jury convicted appellant Henry Dylan Davidson of aggravated sexual assault and sentenced him to life in prison. In a single issue, he argues the trial court abused its discretion by denying his oral motion for continuance requesting extra time to obtain an expert. He also asks the Court to correct a clerical error in the judgment regarding the deadly weapon finding. As modified, we affirm the trial court's judgment.

**Denial of Oral Motion for Continuance**

In his first issue, appellant argues the trial court abused its discretion by denying his oral motion for continuance requesting extra time to obtain an expert who could testify regarding his post traumatic brain injuries.[1] The State responds he failed to preserve his issue for review. We agree with the State.

Appellant has a long history of mental illness and has suffered several past brain injuries. Appellant alleged one such incident, a rollover automobile accident in 2006, caused a brain bleed resulting in lasting brain damage.

Prior to voir dire, defense counsel presented an oral motion for continuance indicating appellant needed a neurologist "so that I can properly and adequately defend my client in this matter." The State argued the case had been set for trial for some time, and defense counsel had known about the head injury since 2015 when she began representing appellant. The State further argued it received no notice of a continuance, and there was no written notice on file. The trial court denied the continuance.

The Texas Code of Criminal Procedure provides that "[a] criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM.

---

[1] Because appellant has not challenged the sufficiency of the evidence regarding the aggravated sexual assault conviction, we need not include the background facts to resolve the issue on appeal. *See* TEX. R. APP. P. 47.1.

PROC. ANN. art. 29.03; *see Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009), *declined to follow on other grounds, Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). Article 29.08 further provides that "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08; *see Anderson*, 301 S.W.3d at 279.

In *Anderson*, the Texas Court of Criminal Appeals explained, "We have construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance." 301 S.W.3d at 279; *see also Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (refusing to recognize a "due process exception" requirement that motion for continuance be written and sworn). Ultimately, an unsworn, oral motion preserves nothing for review. *Blackshear*, 385 S.W.3d at 591; *see also Nix v. State*, No. 05-12-00095-CR, 2014 WL 3828207, at *7 (Tex. App.—Dallas Aug. 5, 2014, pet. ref'd) (mem. op., not designated for publication).

Here, appellant made an unsworn oral motion for continuance, which the trial court denied. Because appellant did not file a sworn motion as required by the code of criminal procedure, he has forfeited his right to complain about the trial court's ruling. Appellant's first issue is overruled.

## Modification of Judgment

In his second issue, appellant requests the Court modify the judgment to indicate the deadly weapon used was a knife, not a firearm. The State agrees modification is appropriate.

We have the power to modify the trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

The judgment states, "Findings on Deadly Weapon: YES, NOT A FIREARM." While the statement is technically correct because appellant used a deadly weapon that was not a firearm, we modify the deadly weapon finding to "YES, A KNIFE" to accurately identify the deadly weapon appellant used during the aggravated sexual assault.

Under the special findings or orders section, the judgment inaccurately states that "DEFENDANT USED OR EXHIBITED A KNIFE, NAMELY A FIREARM." We modify the special findings or orders section of the judgment to reflect that "DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, NAMELY A KNIFE." We sustain appellant's second issue.

# CONCLUSION

As modified, we affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200181F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HENRY DYLAN DAVIDSON,
Appellant

No. 05-20-00181-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1770957-V.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Findings on Deadly Weapon: YES, NOT A FIREARM" is **DELETED** and **REPLACED** with "Findings on Deadly Weapon: YES, A KNIFE."

"DEFENDANT USED OR EXHIBITED A KNIFE, NAMELY A FIREARM" under the special findings or orders section is **DELETED** and **REPLACED** with "DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, NAMELY A KNIFE."

As **REFORMED**, the judgment of the trial court is **AFFIRMED**.


Judgment entered April 16, 2021