**AFFIRMED and Opinion Filed August 6, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00284-CR**

**JOSE LUIS AGUILAR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-83253-2022**

# MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Nowell

A jury convicted Jose Luis Aguilar of aggravated robbery and sentenced him to fifty years' confinement. Appellant argues the trial court erred by overruling his request for a self-defense jury instruction and conducting court proceedings outside his presence. He also contends the evidence is insufficient to support the jury's verdict. We affirm the trial court's judgment.

FACTUAL BACKGROUND

Appellant and the complainant, Jose Morales, rented separate storage units at Extra Space Storage in Collin County. Their units were in close proximity, and they engaged in small talk whenever they saw each other.

On Friday, August 27, 2021, at approximately 8:30 or 9:00 p.m., the motion-activated surveillance cameras captured appellant's SUV and Morales's pickup truck near their units. Morales, a gardener, testified he was at his storage unit to put away his tools and trailer at the end of his workday. His plan, after leaving the storage unit, was to send $3000 to his family in Mexico. The cash was in his truck.

Appellant briefly stopped by Morales's unit, Morales gave appellant a beer, and appellant left shortly thereafter. Morales testified: "Then after that he sort of, like, turned around and driving in his car, came back, and he asked me for my trailer." Morales told appellant that he could borrow the trailer the next day. "[A]fter that he spoke to me aggressively and he said . . . move to your trailer, motherfucker." Morales told appellant not to address him in that manner. Appellant continued speaking aggressively to Morales and insulting him before trying to hit Morales and then stab him. Morales testified after appellant stabbed him, there was a lot of blood; "it's like when you break a water hose open and it just comes out upwards like this, and also dripping downwards like it was sweat." After being stabbed several times, Morales fell to the ground. Appellant then got into his vehicle, aimed it toward

–2–

Morales, and ran over Morales's still body. Afterward, Appellant left the storage unit and met up with his girlfriend at a nearby Sam's Club parking lot.

Richard Longarello, an officer with the Plano Police Department, encountered appellant in the parking lot shortly after other police officers were dispatched to the storage unit facility. Appellant told Longarello that he had a storage unit near Morales's, Morales threatened him, and he stabbed Morales. Longarello talked to appellant for about 15 minutes during which time appellant repeated "the same thing saying that he was threatened, that that person had pulled something out, and that that's kind of the reason why he ended up stabbing him." Appellant had a foot-long knife in his pocket; the tip of the knife was missing, and the knife had blood on it. The tip was found in Morales's body during surgery.

When Billy Hendricks, a detective with the Plano Police Department, spoke to appellant at the hospital, appellant said he wanted to talk to Morales at the storage facility, but Morales was "threatening and off." Although Hendricks asked appellant what he meant by "threatening," appellant "could never explain how threatening - - what was being said to make him feel threatened at that time." Eventually appellant told Hendricks that Morales threatened to kill him. Appellant reported the men began fighting, he hit Morales a few times, and Morales hit him back once or twice. Hendricks testified he did not believe appellant's recitation of events because he did not believe Morales threatened appellant.

We begin with appellant's third issue in which he argues the evidence is insufficient to support the judgment. Appellant concedes the evidence shows he injured Morales. However, he argues, the evidence is insufficient to show he committed theft.

When reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). We uphold a verdict if any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *Id.* "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The finder of fact is the sole judge of the weight and credibility of the evidence. *Edward*, 635 S.W.3d at 655. When considering a claim of evidentiary insufficiency, we must keep in mind that the finder of fact may choose to believe or disbelieve all, some, or none of the evidence presented. *Id*. When faced with conflicts in the evidence, a reviewing court shall presume that the fact finder resolved those conflicts in favor of the verdict and defer to that determination. *Id.* at 656. The evidence is sufficient to support a conviction if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when

considered in the light most favorable to the verdict." *Edward* at 655-56 (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)).

When reviewing the sufficiency of the evidence, a reviewing court must look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021) (internal quotation marks omitted). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* at 914–15

As is relevant here, a person commits the offense of aggravated robbery if, in the course of committing robbery, he causes serious bodily injury to another or uses or exhibits a deadly weapon. TEX. PEN. CODE § 29.03(a)(1), (2). A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he intentionally causes bodily injury to another. *Id.* § 29.02(a). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. *Id.* § 31.03(a).

Appellant asked to borrow Morales's trailer and became angry when Morales said appellant could not have the trailer until the following day. Appellant then spoke

aggressively and insultingly to Morales and told Morales to move the trailer, which Morales did not do. Appellant responded by stabbing Morales and running over him.

A comparison of still images from the surveillance footage before and after the attack showed that both Morales's and appellant's vehicles had been moved. Morales maintained that he did not move the truck.

Morales testified he had $3,000 in U.S. currency in his truck and the money was gone after the attack. Two envelopes of money were found inside of the console of Morales's truck; one envelope was open and money was visible while the other was sealed. After the attack and before appellant was arrested, he met up with his girlfriend at a nearby parking lot.

Based on this evidence, the jury could have reasonably inferred that appellant attacked Morales in an attempt to control Morales's trailer. Although appellant did not steal the trailer, there was blood on the center console, one envelope visibly containing money was open, and money was missing from Morales's truck following the attack. The jury could have concluded appellant took the money and gave it to his girlfriend, which is why he did not have the money when he was arrested. From this evidence, the jury could have concluded that appellant assaulted Morales with the intent to obtain control over Morales's trailer and instead took money from Morales's truck. Having reviewed the record, we conclude a rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. We overrule appellant's third issue.

JURY CHARGE

In his first issue, appellant argues the trial court erred by overruling his request for a self-defense instruction in the jury charge. The State responds that appellant was not entitled to a self-defense instruction because appellant was charged with aggravated robbery. A jury-charge-claim analysis involves two steps: First, we determine whether the charge is erroneous. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). If it is, then we must decide whether the appellant was harmed by the erroneous charge. *Id.*

A defendant who is charged with the offense of robbery or aggravated robbery has no legal right to claim self defense against his intended victim, and he is therefore not entitled to receive a self-defense instruction. *See Jones v. State*, No. 13-19-00595-CR, 2021 WL 1567510, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 22, 2021, pet. ref'd) (mem. op., not designated for publication); *Williams v. State*, No. 05-18-00760-CR, 2019 WL 5119043, at *3 (Tex. App.—Dallas Oct. 7, 2019, pet. ref'd) (mem. op., not designated for publication); *Macias v. State*, No. 08-17-00144-CR, 2019 WL 4058584, at *5 (Tex. App.—El Paso Aug. 28, 2019, pet. ref'd) (mem. op., not designated for publication); *Russell v. State*, No. 05-17-00124-CR, 2018 WL 525559, at *9–10 (Tex. App.—Dallas Jan. 24, 2018, pet. ref'd) (mem. op., not designated for publication). Because appellant, who was charged with aggravated robbery, had no legal right to claim self defense against his intended victim, we

conclude the charge was not erroneous. As such, the trial court did not err by refusing appellant's requested self-defense instruction. We overrule appellant's first issue.

APPELLANT'S COURTROOM PRESENCE

In his second issue, appellant argues the trial court erred by conducting proceedings when he was not present in the courtroom. Appellant was not present during a pre-trial hearing. The court noted appellant was not in the courtroom and asked whether he needed to be; defense counsel stated appellant did not. Both sides then announced they were ready for trial, defense counsel stated he had conferred with his client, defense counsel told the court he did not "believe that we have any issues," and the court and lawyers discussed the logistics of the trial, including which day jury selection would occur and when testimony would begin. Additionally, appellant was not present during the charge conference when his counsel moved for directed verdict. Appellant argues his absence from the courtroom violated his Sixth Amendment right to be present during proceedings against him and article 33.03 of the Texas Code of Criminal Procedure. The State responds that appellant has not preserved his complaint for appeal and, even if he had, any error was not harmful.

Most appellate complaints must be preserved by a timely request for relief at the trial court. *See* TEX. R. APP. P. 33.1(a)(1). To preserve error, a party must object that his right to be present under article 33.03 has been violated. *See Routier v. State*, 112 S.W.3d 554, 575 (Tex. Crim. App. 2003). Even claims involving constitutional error, including Sixth Amendment claims, may be waived by failing to object. *See*

*Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010); *Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009).

Appellant did not raise his complaints in the trial court and, as to his first absence, his counsel stated appellant did not need to be present when the trial court inquired. By failing to raise his complaints in the trial court, appellant waived the issue for appeal. We overrule appellant's second issue.

CONCLUSION

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230284F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JOSE LUIS AGUILAR, Appellant

No. 05-23-00284-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-83253-2022.

Opinion delivered by Justice Nowell. Justices Molberg and Kennedy participating.

　　　Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 6, 2024